Frenando Ray TAYLOR, Appellant,

v.

Sandy GATELY, Appellee.

No. 10–93–244–CV.

Court of Appeals of Texas,
Waco.

Feb. 9, 1994.

Frenando Ray Taylor, pro se.

Sandy S. Gately, Dist. Atty., Gatesville, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Frenando Taylor, an inmate, appeals from a judgment dismissing his petition for a writ of mandamus in the court below. *See Hogan v. Turland,* 428 S.W.2d 316, 317 (Tex.1968). He complains that the court abused its discretion in refusing to compel the District Attorney to initiate a prosecution by accepting a complaint charging assault and battery and a violation of his civil rights. He asserts that articles 2.04, 2.05, 2.12, and 2.13 of the Code of Criminal Procedure impose a "ministerial duty" upon the District Attorney to accept and file his complaint. *See* TEX.CODE CRIM.PROC.ANN. arts. 2.04, 2.05, 2.12, 2.13 (Vernon 1977). In support of this proposition, he cites language from *Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex. 1991): "An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion."

■ We have been directed to no case, nor has our research revealed any case, in which mandamus has issued against a prosecuting attorney for failure to institute a criminal case. District Attorneys are constitutional officers. TEX. CONST. art. 5, § 21. Their duties are specified by article 2.01 of the Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 2.01. The interpretative commentary to section twenty-one attributes the importance of the office to the "fact that upon the prosecuting attorneys rests the power of determining whether prosecution in any given case shall be inaugurated, or if inaugurated, pushed to a successful conclusion." TEX. CONST. art. 5, § 21 interp. commentary (Vernon 1993).

■ A writ of mandamus will not issue unless the petitioner establishes that he has no adequate remedy at law and that the act sought to be compelled is purely ministerial, as opposed to discretionary. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). Taylor has failed to meet the second prong of the test. Discretion is a necessary ingredient in the determination of whether the req-

uisites for accepting and filing a criminal complaint have been met. *See id.*

We overrule the point of error and affirm the judgment.