**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 93-1609
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK HENRY MARTINEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

(    July 29, 1994    )

Before POLITZ, Chief Judge, JOLLY and BENAVIDES, Circuit Judges.

POLITZ, Chief Judge:

Patrick Henry Martinez appeals his convictions for obstructing commerce by robbery, 18 U.S.C. § 1951, and for using or carrying a firearm during a crime of violence, 18 U.S.C. § 924(c)(1). Finding no error, we affirm.

## Background

Convicted of five counts of obstructing commerce and five firearm counts, Martinez appeals, challenging the sufficiency of the evidence on the former counts and contending that trial on the latter counts violated the constitutional guaranty against double

jeopardy.

The evidence establishes that Martinez committed five armed robberies in Fort Worth, Texas between July 3 and August 8, 1992. Three of the robberies involved Diamond Shamrock convenience stores and two involved Church's and Edmundson's fried chicken outlets. All of these establishments sold products which were manufactured out-of-state and which were marketed by out-of-state vendors. The robberies by Martinez caused the temporary closure of all of the businesses save one which previously had been robbed by Martinez and was closed permanently.

Martinez does not suggest that he did not commit the five armed robberies; rather, he contends that his felonious conduct did not obstruct interstate commerce and that the firearm charges were multiplicitous.

## Analysis

We review challenges to the sufficiency of the evidence in the light most favorable to the verdict, asking only whether a rational juror could have found guilt proven beyond a reasonable doubt.[1] Martinez insists that the government failed to prove that his robberies affected interstate commerce; we conclude otherwise. The impact on interstate commerce need not be substantial to satisfy the statutory requirement of the Hobbs Act.[2] If the defendant's conduct impacts the flow of interstate products, an effect on

---

[1]**Jackson v. Virginia**, 443 U.S. 307 (1979).

[2]**United States v. Stephens**, 964 F.2d 424 (5th Cir. 1992).

2

interstate commerce occurs.[3]  In this case, Martinez' armed robberies caused the interruption of commerce in several stores dealing in out-of-state wares, resulting in the permanent closure of one.  This evidence is sufficient to support a finding that the Martinez robberies obstructed interstate commerce.[4]

Martinez next contends that his concurrent prosecution for using or carrying a firearm during a crime of violence was multiplicitous and violated the double jeopardy clause.  We are not persuaded.  The double jeopardy clause prohibits multiple punishments for the same offense.[5]  Whether different statutes punish the same offense is determined by the test announced in the landmark **Blockburger**[6] opinion, mandating that we scrutinize the elements of the two statutes at issue to determine whether "each requires proof of a fact which the other does not."[7]  We conclude that the obstruction of commerce by robbery proscription, and the firearm proscription, demand proof of different elements and therefore constitute separate offenses.

---

[3]**United States v. Villarreal**, 764 F.2d 1048 (5th Cir.), cert. denied, 474 U.S. 904 (1985).

[4]See e.g., **United States v. Sander**, 615 F.2d 215 (5th Cir.), cert. denied, 449 U.S. 835 (1980) (purchase of out-of-state products sufficient interstate nexus); **United States v. Richard**, No. 93-1326 (5th Cir. Nov. 1, 1993) (unpublished opinion) (temporary closure of store following robbery sufficient interference with interstate commerce).

[5]**United States v. Singleton**, 16 F.3d 1419 (5th Cir. 1994).

[6]**Blockburger v. United States**, 284 U.S. 299 (1932); see also **United States v. Dixon**, 113 S.Ct. 2849 (1993).

[7]**Id.** at 304.

3

The obstruction of commerce by robbery statute requires proof of threats or force; it does not require evidence that the defendant possessed a weapon.[8] By contrast, the firearm statute requires evidence that the defendant used or carried a weapon, but does not require proof that the weapon was used to threaten or force.[9] Section 924(c)(1) further provides that the use or carrying of a firearm during a crime of violence shall be punished by imprisonment "in addition to the punishment provided for [by the] crime of violence." As explained in **Singleton**, this language underscores the congressional intent that section 924(c)(1) punishments are to be imposed cumulatively with punishments for underlying crimes of violence.[10] Thus, both statutory comparison and statutory construction make abundantly clear that concurrent prosecutions for sections 1951 and 924(c)(1) violations do not violate double jeopardy protection.

The convictions and sentences are AFFIRMED.

---

[8] 18 U.S.C § 1951 (robbery means the unlawful taking of property from another by means of force or violence).

[9] See **Singleton**, 16 F.3d at 1423 (mere possession of firearm satisfies section 924(c)(1)).

[10] **Singleton**, 16 F.3d at 1425.

4