**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-40829
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE JAMES MILLER,

Defendant-Appellant.

_____

Appeal from United States District Court
for the Eastern District of Texas
(4:95-CR-5-1)

_____

March 29, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

George James Miller appeals his convictions of conspiracy to facilitate escape, escape from

custody and being a felon in possession of a firearm. 18 U.S.C. §371, 751(a), 922(g). He argues that

there was insufficient evidence to support his conviction under §922(g) and that his convictions under

§371, §751(a) and §922(g) violate the Double Jeopardy Clause.

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

We have reviewed Miller's contentions and the record and we find no reversible error. There was sufficient evidence to support Miler's conviction. *See United States v. Dancy*, 861 F.2d 77, 81-82 (5th Cir. 1988). Miller waived his double-jeopardy challenge by not raising it prior to trial. *See United States v. Moore*, 958 F.2d 646, 650 (5th Cir. 1992)(citing Fed. R. Crim. P. 12(b), (f)), *cert. denied __ U.S. __*, 114 S. Ct. 647, 126 L. Ed. 2d 605 (1993).

Even assuming, *arguendo*, that Miller preserved his challenge, his convictions did not occasion a double-jeopardy violation. Whether different statutes punish the same offense is determined by the test announced in the landmark *Blockburger* opinion mandating that we scrutinize the elements of the two statutes at issue to determine whether "each requires proof of a fact which the other does not." *United States v. Martinez*, 28 F.3d 444, 446 (5th Cir. 1994)(citing *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), cert. denied __ U.S.__, 115 S. Ct. 281, 130 L. Ed. 2d 197 (1994). An appeal on the basis of double jeopardy may be termed frivolous where the conviction involves an act or fact not required to prove the other offenses. *See e.g., United States v. Goff*, 847 F.2d 149, 177 n. 42 (5th Cir. 1988).

Miller argues that the gun offense necessarily incorporates all elements of the other federal crimes, and thus fails the *Blockburger* test. The elements of the crime of being a felon in possession of a firearm are a prior conviction for a felony, that the firearm in question somehow affected interstate commerce, and that the felon knowingly possessed the firearm. 18 U.S.C. §922(g). The jury found that Miller knowingly possessed the firearm. Miller had stipulated to the other two elements. His stipulation to a prior conviction referred to either his conviction for carjacking or his prior Oklahoma conviction for feloniously pointing a firearm. It had nothing to do with the escape

and conspiracy charges that stemmed from the same acts, and shared no elements with those other crimes.  Thus, Miller's arguments on appeal are without merit, and his conviction is AFFIRMED.