PER CURIAM:
In this appeal, we address whether the Double Jeopardy Clause prohibits a court from imposing consecutive sentences for two counts of the same indictment, where one count charges the defendant with destroying property by means of an explosion, and the other charges the defendant with using and carrying a destructive device during the commission of the former count. We also address whether minor damage to an apartment complex renders this murder case subject to the federal arson/explosion statute because the crime involved an activity affecting commerce. 18 U.S.C. § 844(i).
Tam Duy Nguyen admitted to the police that he gave instructions on how to build a ear bomb to another party, paid that individual to construct the bomb, and placed the bomb under the driver’s seat of Lam Huu Diep’s van, which was parked in front of an apartment building. On January 23, 1992, Diep entered his van and turned his key in the ignition, triggering an explosion that killed Diep, destroyed his van, and blew out the windows and doors of two units of the apartment building.
Following trial by jury, Nguyen was convicted on three counts. Count 1 charged Nguyen with conspiring to violate 18 U.S.C. § 844(i), a violation of 18 U.S.C. § 371. Count 2 charged Nguyen with damaging and destroying property that was used in interstate commerce or in an activity affecting interstate commerce by means of an explosive, a violation of 18 U.S.C. § 844(i). Count 3 charged Nguyen with using and carrying a firearm (which includes explosives among its definitions under 18 U.S.C. §§ 921(a)(3) and (4)) in violation of 18 U.S.C. § 924(c)(1).
On appeal, Nguyen argues that Counts 2 and 3 were multiplicitous and violated the Double Jeopardy Clause, and that the Government failed to prove the interstate commerce element of 18 U.S.C. § 844(i).
In United States v. Singleton, 16 F.3d 1419 (5th Cir.1994), we addressed the question whether the Double Jeopardy Clause prevented the Government from charging the defendants with both carjacking, a violation of 18 U.S.C. § 2119, and the use or carrying of a firearm during or in relation to a crime of violence, a violation of 18 U.S.C. § 924(c)(1). We held that the question is whether the statutes indicate a congressional desire to impose multiple punishments. Id. at 1428. Finding that § 924(c) on its face provided for multiple punishments, we concluded that the defendants could be tried on both counts without violating the Double Jeopardy Clause. Id. at 1429. Singleton’s rationale applies equally to the instant case; we find that Nguyen’s convictions for violating §§ 844(i) and 924(c) do not violate the Double Jeopardy Clause.[1]
*798 As for Nguyen’s Interstate Commerce argument, we find Russell v. United States, 471 U.S. 858, 105 S.Ct. 2455, 85 L.Ed.2d 829 (1985), controlling, at least until the Supreme Court reconsiders it in light of United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). In Russell, the Supreme Court observed regarding § 844(i): “In sum, the legislative history suggests that Congress at least intended to protect all business property, as well as some additional property that might not fit that description, but perhaps not every private home.” Id. at 862, 105 S.Ct. at 2457. The Court went on to state that while the statute “[b]y its terms ... only applies to property that is ‘used’ in an ‘activity1 that affects commerce,” the local rental of an apartment was sufficient to fall within this category. Id. In the instant case, the van that exploded was used to provide maintenance supplies for the building, the building was also damaged, and two of the building’s apartments were being used as business offices. Pursuant to Russell, the rental property damaged by Nguyen’s explosion was property being “ ‘used’ in an ‘activity’ that affects commerce,” and thus interstate commerce, within the meaning of § 844®.
For the reasons discussed above, Nguyen’s sentences are AFFIRMED.

. This court’s recent decision, United States v. Corona, 108 F.3d 565 (5th Cir.1997), reached a result different from Singleton. In Corona, the defendant had been convicted for violations of 18 U.S.C. § 371, 18 U.S.C. § 844(i), and 18 U.S.C. § 844(h)(1), and on appeal this court found a double jeopardy violation, because "Congress has not authorized three separate punishments for arson, conspiracy to commit arson, and for using fire to commit conspiracy to commit arson." The statutory language of 18 U.S.C. § 844(h) contains language indicating an intent that the offense be punished cumulatively with other offenses that closely mirrors similar language in 18 U.S.C. § 924(c), Compare 18 U.S.C. § 844(h) (“Whoever — (1) uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States, or (2) carries an explosive during the commission of any felony which may be prosecuted in a court of the United States, ... shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for 10 years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of (his subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the felony in which the explosive was used or carried") with 18 U.S.C. § 924(c)(1) ("Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.... Notwithstanding any other provision of law, the court shall not *798 place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried") (emphasis added).
Although a faithful application of Singleton to Corona would seem to warrant the same result as in Singleton, Corona never specifically addressed whether this language in Section 844(h) indicates an explicitly stated intent by Congress to impose the offense cumulatively with other offenses. In any case, Corona can be distinguished from the instant case in a number of ways. For example, Nguyen’s convictions arose under three separate statutes, and did not involve multiple subsections of the same statute, unlike Corona. Furthermore, the instant case essentially involves several offenses — i.e., using an explosive in a crime of violence (§ 924(c)(1)) and destroying property used in commerce (§ 844(f)), in addition to the conspiracy count — rather than the "arson/conspiracy to commit arson/using fire to conspire to commit arson” triple redundancy that arose in Corona. Most importantly, Corona did not involve 18 U.S.C. § 924(c)(1), and Singleton, the earlier of the two decisions, is directly on point. We are bound by Singleton's holding that Section 924(c)’s cumulative offense language authorizes Section 924(c)(1) to be imposed cumulatively with other offenses.