IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2008

Charles R. Fulbruge III
Clerk

No. 07-10143

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

PEDRO RAFAEL MOLINA,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before REAVLEY, BENAVIDES, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Pedro Rafael Molina appeals his criminal sentence. We affirm.

I

Molina was indicted by a grand jury and charged with the following counts:

Count 1: Possession of a controlled substance (marijuana) with intent to distribute[1] and aiding and abetting;[2]

---

[1] 21 U.S.C. § 841(a)(1) & (b)(1)(D).

[2] 18 U.S.C. § 2.

Count 2:  Possession of a firearm in furtherance of a drug trafficking crime, and carrying a firearm during and in relation to a drug trafficking crime;[3]

Count 3:  Possession of a firearm by a convicted felon.[4]

Molina pleaded guilty to the indictment with no plea agreement.

The probation officer prepared a presentencing report[5] (PSR) that grouped Counts 1 and 3[6] and considered Count 2 separately.[7] For Count 1, the probation officer determined that the offense involved 33.5 kilograms of marijuana, resulting in a base offense level of 18.[8] The probation officer reduced this level by 3 for acceptance of responsibility.[9] The total offense level for grouped Counts 1 & 3 was 15. Combined with Molina's criminal history category of III, the advisory Guidelines sentencing range for these Counts was 24–30 months of imprisonment. The Guideline sentence for Count 2 was the statutory minimum: 5 years,[10] to run consecutively to the other sentence.[11]

Neither Molina nor the government objected to the final revision of the PSR. The district court adopted the PSR, sentenced Molina to 30 months'

---

[3] 18 U.S.C. § 924(c).

[4] 18 U.S.C. § 922(g)(1).

[5] The PSR was amended twice; the amendments are not relevant to this appeal. Citations to the PSR refer to the Second Amended PSR (the final version).

[6] See UNITED STATES SENTENCING GUIDELINES MANUAL (2006) (U.S.S.G. or Guidelines) § 3D1.1 (grouping rules).

[7] See id. § 2K2.4(b) (making U.S.S.G. Chapters 3 & 4, including the grouping rules, inapplicable to violations of 18 U.S.C. § 924(c)).

[8] See id. § 2D1.1(c)(11).

[9] See id. §§ 3E1.1(a) & (b).

[10] See id. § 2K2.4(b).

[11] See 18 U.S.C. § 924(c).

imprisonment for Counts 1 and 3, which when added to the mandatory 60 months, totaled 90 months' imprisonment.  The district court also imposed a 3 year term of supervised release on each Count, to run concurrently, and a $100 special assessment on each Count, for a total of $300.  Molina did not object to his sentence in the district court.

Molina timely appealed his sentence.

## II

Molina's sole argument on appeal is that his sentence is unreasonable. Because Molina did not object to his sentence on this basis before the district court, we review his challenge for plain error.[12]  To prevail, Molina must establish: "(1) an error; (2) that is clear and obvious; [and] (3) that affected his substantial rights.  If these conditions are met, this court can exercise its discretion to notice the forfeited error only if 'the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"[13]

Molina asserts that the Guidelines are "internally inconsistent" because the conduct of possessing a firearm in furtherance of (or carrying a firearm during and in relation to) a drug trafficking crime can either be prosecuted by the government as an independent substantive criminal offense under 18 U.S.C. § 924(c) (i.e., Count 2 in this case), or instead urged as a 2-level sentencing enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), for the crime of possession of a controlled substance with intent to distribute (i.e., Count 1 in this case).  A sentence for a drug trafficking conviction under 18 U.S.C. § 924(c) cannot be enhanced under section 2D1.1(b)(1) of the Guidelines.[14]  Molina asserts that the applicable Guidelines range would have been 30–37 months if the conduct

---

[12] United States v. Hernandez-Martinez, 485 F.3d 270, 272-73 (5th Cir. 2007).

[13] Id. at 273 (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).

[14] U.S.S.G. § 2K2.4 cmt. n.4.

supporting Count 2 had been considered only as an enhancement rather than prosecuted as a separate offense. It is unreasonable, Molina argues, that the same criminal conduct (i.e., possessing marijuana with intent to distribute it while also carrying a firearm during and in relation to the intended distribution) results in different Guidelines ranges depending only on the government's charging decision (i.e., whether to bring a separate charge under 18 U.S.C. § 924(c) or instead to seek an enhancement under 2D1.1(b)(1)). This "internal contradict[ion]" and "inconsistency" resulting from the government's charging decision, he argues, strips his Guidelines sentence of its "mantle of presumed reasonableness."

Molina argues that any sentence above section 924(c)'s mandatory minimum "must be based on addition[al] aggravating circumstances in order for the term 'reasonable' to have any logical meaning," though he cites no authority for this proposition. Because he never intended to and never did harm any person or property during the offense, Molina asserts, his 90-month sentence is greater than necessary to serve the sentencing goals of 18 U.S.C. § 3553(a) and is therefore unjustified. He concedes that, having been convicted of Count 2, his sentence can be no less than 60 months. He asks us to vacate his sentence and either remand for resentencing or reform his sentence to 60 months.

At various points in his brief, Molina describes the result of this inconsistency in different ways. He argues: (a) a Guidelines sentence imposed because of this inconsistency is unreasonable; (b) a Guidelines sentence imposed because of this inconsistency should not be presumed reasonable; and (c) regardless of the correct Guidelines range, any sentence above the mandatory minimum must be supported by additional aggravating circumstances. The issue—in any of the ways Molina has cast it—appears to be one of first impression in this Circuit.

III

Although we have not addressed the precise issue before us, our case law strongly undermines his theory, and three other Circuits have considered and rejected the same or similar legal theories.[15]

The Eighth Circuit's decision in United States v. Foote[16] is the most analogous. The criminal defendants in Foote challenged their sentences, arguing that the Sentencing Guidelines were "invalid" because the prosecutor's discretion to choose between pursuing the independent charge and pursuing the sentencing enhancement for the same conduct created a sentencing disparity in violation of 18 U.S.C. § 3553(a)(6).[17] The Eighth Circuit rejected their argument:

> The Sentencing Commission was fully aware of the existence of section 924(c) and its mandatory sentencing requirement when it constructed the Guidelines sentencing system. The fact that the prosecutor is empowered to choose between charging a violation of section 924(c) and merely seeking an enhancement of sentence based on his evaluation of the strength of the case against the defendant does not in any way violate the statutory goal of "avoid[ing] unwarranted sentence disparities."[18]

The court also cited the Supreme Court's decision in United States v. Batchelder[19] for the principle that "'[j]ust as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his

---

[15] See United States v. Duncan, 479 F.3d 924 (7th Cir. 2007); United States v. Stanley, 928 F.2d 575 (2d Cir. 1991); United States v. Foote, 898 F.2d 659 (8th Cir. 1990).

[16] Foote, 898 F.2d at 666.

[17] Id.

[18] Id. (quoting 18 U.S.C. § 3553(a)(6)).

[19] United States v. Batchelder, 442 U.S. 114 (1979).

indictment and prosecution, neither is he entitled to choose the penalty scheme under which he will be sentenced.'"[20]

The Second Circuit's decision in United States v. Stanley[21] is also instructive. Like Molina, Stanley was convicted of both a drug trafficking offense and possessing a weapon in furtherance of that offense. Under the then-mandatory Guidelines, the district court departed downward from the recommended sentence range for the drug trafficking offense to avoid what it perceived to be an unwarranted sentencing disparity. The district court believed the government only used the threat of a section 924(c) charge in plea bargaining and that a defendant should not be subject to a different sentence merely because he refused to plead guilty to the underlying drug trafficking charge. The sentencing disparity between defendants who pleaded guilty and those who went to trial, the district court believed, was unwarranted. The Second Circuit held that the supposed disparity was not a ground for a downward departure. First, U.S.S.G. § 2K2.4(a) application note (2) (now note (4)) demonstrated that the Sentencing Commission "certainly considered" that the same conduct might be subject to either a mandatory minimum under 18 U.S.C. § 924(c) or to a two-level enhancement of a drug trafficking charge: the application note prevents the enhancement from being included if there was a simultaneous conviction under section 924(c).[22] The "disparity" was thus not beyond the Commission's consideration and was not a valid ground for departure from the then-mandatory Guidelines under controlling Second Circuit precedent.[23] Second, any disparity resulting from the government's prosecutorial decisions was not unwarranted

---

[20] Foote, 898 F.2d at 666. (quoting Batchelder, 442 U.S. at 125).

[21] United States v. Stanley, 928 F.2d 575 (2d Cir. 1991).

[22] Id. at 580.

[23] Id. (citing United States v. Joyner, 924 F.2d 454, 460 (2d Cir. 1991)).

because United States v. Batchelder[24] and Bordenkircher v. Hayes[25] permit the government to choose between different statutory penalty schemes applying to the same conduct as long as its selection is not "'based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'"[26] The Second Circuit also pointed out that section 924(c) requires that the five-year minimum sentence be imposed in addition to any other term of imprisonment. The court reasoned that to reduce the drug trafficking sentencing range because of the length of the section 924(c) minimum would be to nullify Congress's intent that a conviction under that section require five years in addition to the drug trafficking sentence.[27]

More recently, in United States v. Duncan,[28] the Seventh Circuit rejected a similar argument. Duncan and his co-defendant robbed a bank using machine guns and later opened fire upon police while fleeing. Duncan's co-defendant pleaded guilty pursuant to a plea agreement, while Duncan went to trial and was convicted. Duncan's sentence included a 30-year mandatory minimum sentence because he had used a machine gun,[29] while his co-defendant's sentence included only a 10-year mandatory minimum, apparently for discharging a firearm other than a machine gun.[30] Duncan argued this disparity between the 30-year mandatory minimum applied to him and the 10-year minimum applied

---

[24] United States v. Batchelder, 442 U.S. 114 (1979).

[25] Bordenkircher v. Hayes, 434 U.S. 357 (1978).

[26] United States v. Stanley, 928 F.2d 575, 581 (2d Cir. 1991) (quoting Bordenkircher, 434 U.S. at 364).

[27] See id. at 582.

[28] United States v. Duncan, 479 F.3d 924 (7th Cir. 2007).

[29] 18 U.S.C. § 924(c)(1)(B)(ii).

[30] 18 U.S.C. § 924(c)(1)(A)(iii).

to his co-defendant, when they had engaged in the same conduct, was an unwarranted disparity under 18 U.S.C. § 3553(a)(6).[31] The Seventh Circuit held that the government's decision not to prosecute the co-defendant for use of the machine gun was a matter of prosecutorial discretion that the court would not "second guess" absent a showing of invidious discrimination.[32] Citing earlier Circuit precedent, the court also echoed the Second Circuit's logic in Stanley that reducing the sentence for an underlying offense in reaction to a statutory minimum additional sentence would "effectively reduce[] the mandatory minimum sentence."[33]

There are two principal legal doctrines that underlie these decisions, and the law in this Circuit is congruent with the law of our sister Circuits with respect to those principles. The first addresses a court's deference to prosecutorial discretion. The second addresses Congress's intent as expressed in 18 U.S.C. § 924(c) and the intent of the Guidelines.

The government has great discretion in deciding whether, and which offenses, to prosecute. As we stated in United States v. Lawrence, "[a]s a general rule, . . . substantial deference is accorded decisions requiring the exercise of prosecutorial discretion,"[34] and those decisions are not subject to judicial review "'absent a showing of actual vindictiveness or an equal protection violation.'"[35] "We allow the government discretion to decide which individuals to prosecute, which offenses to charge, and what measure of punishment to seek."[36] Citing the

---

[31] Duncan, 479 F.3d at 928.

[32] Id.

[33] Id. at 930 (citing United States v. Roberson, 474 F.3d 432, 436 (7th Cir. 2007)).

[34] United States v. Lawrence, 179 F.3d 343, 347 (5th Cir. 1999).

[35] Id. (quoting United States v. Ballard, 779 F.2d 287, 295 (5th Cir. 1986)).

[36] Id. at 348 (citing United States v. Batchelder, 442 U.S. 113, 124 (1979)).

Supreme Court's decision in Williams v. Illinois, we specifically rejected the theory that the same conduct could not be subject to different punishment depending only on the government's prosecutorial decisions.[37]  Molina has not argued that the government was vindictive in its prosecution or that it violated any provisions of the Constitution.  Molina's argument that his sentence is infirm because his conduct could have been subject to a less severe punishment if the government had made a different prosecutorial decision fails.

To the extent that Molina's argument is founded upon a theory that Congress did not intend for a person convicted of both drug trafficking and a weapons offense under section 924(c) to be imprisoned longer than section 924(c)'s mandatory minimum requires, at least absent aggravating circumstances, his argument is refuted by the plain language of section 924(c) and the Guidelines' application notes.  One convicted under section 924(c)

> shall, in addition to the punishment provided for [the underlying] crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years . . . .[38]

The plain meaning of the text is that the mandatory minimum is a punishment in addition to any punishment for the drug trafficking crime (or crime of violence).[39]

If Molina's argument is that the Sentencing Commission misunderstood or misapplied Congress's intent regarding section 924(c), he is also mistaken. The Guidelines recognize section 924(c)'s mandatory minimum punishment and they specifically account for the possibility that the same conduct could be punished either as a substantive count or as an enhancement:

---

[37] Id. (citing Williams v. Illinois, 399 U.S. 235, 243 (1970)).

[38] 18 U.S.C. § 924(c) (emphasis added).

[39] See also United States v. Martinez, 28 F.3d 444, 446 (5th Cir. 1994).

>If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.[40]

We reject Molina's argument that Section 924(c) and the Guidelines are inconsistent.

Molina has failed to show that his sentence is unreasonable.

\*      \*      \*

AFFIRMED.

---

[40] U.S.S.G. § 2K2.4 cmt. n.4.