# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-10628
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TIMOTHY MINH HA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-336-All

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Timothy Minh Ha appeals his 46-month sentence of imprisonment for bank robbery, imposed in conjunction with a seven year consecutive term for using, carrying, and brandishing a firearm during the robbery under 18 U.S.C. § 924(c)(1)(A)(ii). Ha argues that the 46-month term of imprisonment is unreasonable in light of the sentencing factors listed in 18 U.S.C. § 3553(a). Ha argues that the Government's decision to charge him with the separate § 924(c)(1)(A)(ii) firearms offense, thus invoking a statutory term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment of not less than seven years for that offense, created an unwarranted sentencing disparity that the district court should have accounted for in imposing the sentence for the bank robbery.

At the sentencing hearing, the district court heard extensive arguments from both parties on the § 3553(a) factors. In setting the sentence, the district court explained at some length the § 3553(a) factors on which it relied, particularly the nature and circumstances of the bank robbery itself. See Rita v. United States, 127 S. Ct. 2456, 2468 (2007). Ha's dissatisfaction with the result of the district court's reasoned analysis of the § 3553(a) factors is insufficient to overcome the presumption of reasonableness afforded the sentence. See Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). As to Ha's argument that the § 924(c) charging decision creates an unwarranted sentencing disparity resulting in an unreasonable sentence, we recently rejected this argument in United States v. Molina, 530 F.3d 326, 330-32 (5th Cir. 2008). We discern no reason to disturb the district court's exercise of its discretion in setting Ha's guidelines range sentence. See Rita, 127 S. Ct. at 2468.

AFFIRMED.