# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2010

Lyle W. Cayce
Clerk

No. 09-10310

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BARRY KENT HAATVEDT,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-269-1

Before BARKSDALE, GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Barry Kent Haatvedt appeals the 46-month sentence imposed following his guilty plea conviction for bribery of a public official under 18 U.S.C. § 201(b)(2)(c).  He admitted that he had  illegally provided tobacco to an inmate for sale to other inmates and had received part of the profit from the sales. Haatvedt argues that the district court should have departed or varied downward from the sentencing guidelines range because he was charged under the bribery statute rather than the statute prohibiting the smuggling of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contraband, which would have considered the relative dangerousness of the smuggled item and resulted in a lesser sentencing guidelines range. Haatvedt argues that the district court did not properly consider the 18 U.S.C. § 3553(a) factors and imposed a substantively unreasonable sentence that was much greater than necessary to meet the statutory goals.

In reviewing a sentence, this court should "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and the § 3553(a) factors, this court gives "great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 129 S. Ct. 328 (2008). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Id.*

In this case the district court considered Haatvedt's arguments and his request for a downward departure or variance, but stated that a departure or variance was not justified because of the serious nature of the offense and the need to deter criminal conduct by officers supervising and guarding prisoners. The district court also considered the amount of remuneration received by Haatvedt for selling the tobacco to be an important factor. The district court stated that it had even considered making an upward variance from the guidelines range, but that it ultimately found the 46-month sentence warranted after evaluating the § 3553(a) factors.

Haatvedt may be correct that the sentence imposed was higher than it would have been if the Government had chosen to pursue the smuggling charge rather than the bribery charge. But a defendant has no constitutional right to choose which of two applicable statutes will be the basis for his indictment or the

applicable penalty scheme. *See United States v. Molina,* 530 F.3d 326, 330 (5th Cir. 2008). A prosecutor has the discretion to choose between different statutory penalty schemes applying to the same conduct as long they are not based on an unjustifiable standard, such as race, religion, or some other arbitrary classification. *Id.* at 332. There was no evidence in the record that the charge was made on a discriminatory basis.

Haatvedt has not shown that the district court erred in balancing the sentencing factors or that the guideline sentence imposed was an abuse of discretion. Haatvedt has not rebutted the presumption of reasonableness that applies to his guidelines sentence. Accordingly, the sentence is AFFIRMED.