March 26, 2010

The Honorable James A. Farren
Randall County Criminal District Attorney
Randall County Justice Center
2309 Russell Long Boulevard, Suite 120
Canyon, Texas 79015

Opinion No. GA-0765

Re: Concerning a possible defense to prosecution under section 43.24, Penal Code (RQ-0825-GA)

Dear Mr. Farren:

You seek our opinion regarding a parent's defense to prosecution under subsection 43.24(c)(2) of the Texas Penal Code.[1] You tell us about a situation involving two divorced parents who share custody of three minor daughters and allegations that the father showed pornographic videos to the daughters. *See* Request Letter at 1. You state that your office refused to file a criminal case against the father because your office believes the father has a defense to prosecution under subsection 43.24(c)(2). *Id.*

A prosecuting attorney "has great discretion in deciding whether, and which offenses, to prosecute." *U.S. v. Molina*, 530 F.3d 326, 332 (5th Cir. 2008); *see also Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004) ("Both Texas and federal courts recognize that prosecutors have broad discretion in deciding which cases to prosecute."); *cf.* TEX. CODE CRIM. PROC. ANN. art. 2.01 (Vernon 2005) (stating that a prosecuting attorney has a duty to see that justice is done). Courts recognize that prosecutorial decisions are ill-suited to judicial review because such decisions include consideration of factors involved in initiating a criminal case such as, the strength of the case, the case's deterrent value, and the government's enforcement priorities. *See U.S. v. Lawrence*, 179 F.3d 343, 347 (5th Cir. 1999) (citing *Wayte v. United States*, 470 U.S. 598, 607 (1985)); *see also Taylor v. Gately*, 870 S.W.2d 204, 204–05 (Tex. App.—Waco 1994, writ dism'd w.o.j.) (concluding that prosecutor's decision to forego prosecution is not subject to mandamus). Accordingly, courts afford prosecutorial decisions substantial deference. *See Lawrence*, 179 F.3d at 347.

Penal Code subsection 43.24(c)(2) provides that "[i]t is a defense to prosecution under this section that . . . (2) the sale, distribution, or exhibition was to a minor who was accompanied by a consenting parent, guardian, or spouse." TEX. PENAL CODE ANN. § 43.24(c)(2) (Vernon 2003); *see also Alford v. State*, 806 S.W.2d 581, 585 (Tex. App.—Dallas 1991) (distinguishing between a defense and an affirmative defense), *aff'd*, 866 S.W.2d 619 (Tex. Crim. App. 1993). Even assuming

---

[1]*See* Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

your interpretation of subsection 43.24(c)(2) is correct, a potential defense to prosecution is not necessarily a bar to prosecution. *See* TEX. PENAL CODE ANN. § 2.03(b) (Vernon 2003) ("The prosecuting attorney is not required to negate the existence of a defense in the accusation charging commission of the offense."); *see also* TEX. CODE CRIM. PROC. ANN. art. 2.01 (Vernon 2005) (stating that a prosecuting attorney has a duty to see that justice is done). The possibility of a defendant raising a defense is a factor, and likely one present in every case, involved in a prosecutor's determination about the strength of the case and, thus, falls squarely within the scope of your prosecutorial discretion. *See* Tex. Att'y Gen. Op. No. GA-0246 (2004) at 3 (recognizing difficulty in proving intent in circumstances of possible criminal offense under section 143.006, Local Government Code and noting that "whether to proceed in such a case is a matter squarely within prosecutorial discretion").

## S U M M A R Y

A district attorney's prosecutorial determination regarding the initiation of criminal proceedings is within the prosecutor's substantial discretion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee