

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 14, 2012

The Honorable David K. Walker
Montgomery County Attorney
207 West Phillips, Suite 100
Conroe, Texas 77301

Opinion No. GA-0967

Re: Whether an individual may be prosecuted for an alleged assaultive offense that occurred in 1998 when the person was thirteen years of age, and in which the victim died in 2011 (RQ-1055-GA)

Dear Mr. Walker:

You seek our opinion regarding a defendant's possible claim that a prosecution for murder would violate the ex post facto clauses of the United States and Texas Constitutions.[1] Your letter to this office also asks whether the Montgomery County District Attorney's Office is authorized to undertake such a prosecution. Request Letter at 1.

According to your request letter, you are considering whether to effectuate the discretionary transfer of a murder charge to district court against a 27-year-old defendant.[2] Your letter indicates that, although the defendant was thirteen years old when he allegedly burned the victim in June, 1998, the victim did not die until April, 2011. Brief at 1. Further, you relate that the victim's cause of death in 2011 was cancer that stemmed from the burn wounds he suffered in 1998. *Id.* You indicate that your office believes that "it now has probable cause to prosecute this offense based in part on new information provided by the victim shortly before his death." *Id.* Finally, you state that the Montgomery County District Attorney's Office is "in agreement that we should proceed with the discretionary transfer to district court, if possible." *Id.*

Subsection 54.02(j)(2)(A) of the Family Code provides for the transfer of a person eighteen years of age or older to the appropriate district court if the person "was 10 years of age or older and under 17 years of age at the time the person is alleged to have committed a capital felony or an offense under Section 19.02, Penal Code."[3] TEX. FAM. CODE ANN. § 54.02(j)(2)(A) (West Supp. 2012). However, you note that, at the time of the alleged assault, "the respondent was ineligible to

---

[1]Letter from Honorable David K. Walker, Montgomery Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. (Apr. 17, 2012), http://texasattorneygeneral.gov/opin ("Request Letter").

[2]Requestor's Brief at 1 (attached to Request Letter) ("Brief").

[3]Section 19.02 of the Penal Code describes the crime of murder. *See* TEX. PENAL CODE ANN. § 19.02 (West 2011).

be transferred to district court" because in 1998 the statute only allowed juveniles to be transferred to district court if the offender was "14 years of age or older . . . at the time he is alleged to have committed . . . a felony of the first degree." Brief at 1–2; *see* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 34, 1995 Tex. Gen. Laws 2517, 2533–34. You therefore anticipate that "the respondent will argue that application of the current law violates the *ex post facto* clause of both the United States and Texas Constitutions." Brief at 2. Although you argue that there is no case "directly on point" addressing this issue "from either the Fifth Circuit or the Supreme Court of the United States," you state that decisions by appellate courts in other jurisdictions—whose opinions are not binding in Texas—seem to counsel against the prosecution at issue in your request.[4] Your brief indicates that all of the cited cases "seem to dictate the same conclusion: that the current language of [section] 54.02(j)(2)(A) cannot be applied to conduct occurring prior to January 1, 1999, because such application would subject the respondent to a greater punishment than was previously available." *Id.* at 5. Nevertheless, you conclude that, "[b]ecause Texas courts would not be bound by any of the cases discussed above," both your office and the District Attorney's Office agree that the case at issue should be transferred to the district court for felony prosecution. *Id.* at 1, 6. You ask whether "an adult prosecution for the offense of murder [would] be authorized under current law if the deadly conduct occurred when the perpetrator was a juvenile in 1998, but the death of the victim did not occur until 2011, at which time the perpetrator was an adult." Request Letter at 1.

As we have noted in an earlier opinion, "[a] prosecuting attorney 'has great discretion in deciding whether, and which offenses, to prosecute.'" Tex. Att'y Gen. Op. No. GA-0765 (2010) at 1 (citing *United States v. Molina*, 530 F.3d 326, 332 (5th Cir. 2008); *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004)). In that opinion, we stated:

> Courts recognize that prosecutorial decisions are ill-suited to judicial review because such decisions include consideration of factors involved in initiating a criminal case[, such as] the strength of the case, the case's deterrent value, and the government's enforcement priorities. Accordingly, courts afford prosecutorial decisions substantial deference.

*Id.* (citations omitted). The possibility that a defendant in a criminal case will claim that his prosecution is constitutionally barred—or otherwise raise a defense to avoid prosecution—is a factor that prosecutors may choose to weigh as they determine whether to prosecute a defendant. Within the confines of a prosecutor's duty "not to convict but to see that justice is done,"[5] the factors a prosecutor elects to consider when evaluating how to proceed in a case are squarely within the scope of prosecutorial discretion. *See id.* at 2; *see also* Tex. Att'y Gen. Op. No. GA-0246 (2004) at 3 (recognizing difficulty in proving intent in circumstances of possible criminal offense under section 143.006, Local Government Code, and noting that "whether to proceed in such a case is a matter squarely within prosecutorial discretion").

---

[4]*See United States v. Juvenile Male*, 819 F.2d 468, 470 (4th Cir. 1987); *United States v. Baker*, 10 F.3d 1374, 1394–95 (9th Cir. 1993); *State of Mass. v. Fuller*, 657 N.E.2d 1251, 1255–57 (Mass. 1995).

[5]TEX. CODE CRIM. PROC. ANN. art. 2.01 (West 2005).

## S U M M A R Y

A county or district attorney's determination regarding the initiation of further proceedings falls within the scope of prosecutorial discretion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee