# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11041
Cons. w/ No. 15-11043
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN JACOB STEINBERG,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-160-1
USDC No. 4:15-CR-89-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, Martin Jacob Steinberg challenges his convictions and sentences for possession with intent to distribute methamphetamine (Count 1), possession of a firearm in furtherance of a drug trafficking crime (Count 2), and being a felon in possession of a firearm (Count 3). He also challenges the revocation of his term of supervised release for his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11041 Cons. w/ No. 15-11043

2002 conviction for conspiracy to possess with intent to distribute 50 kilograms or more of marijuana and the revocation sentence imposed.

Steinberg correctly concedes that his argument that separate prosecutions for Count 1 and Count 2 violated the Double Jeopardy Clause is foreclosed by circuit precedent. *See United States v. Nguyen*, 117 F.3d 796, 797 & n.1 (5th Cir. 1997); *United States v. Martinez*, 28 F.3d 444, 446 (5th Cir. 1994). He also correctly concedes that his arguments that 18 U.S.C. § 922(g)(1) is unconstitutional because it exceeds the scope of Congress's power under the Commerce Clause and because it does not require proof of knowledge that the firearm traveled in interstate commerce are also foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013); *United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir. 2001); *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999); *United States v. Rose,* 587 F.3d 695, 705-06 (5th Cir. 2009). He raises the arguments to preserve them for further review.

We review Steinberg's challenge to the constitutionality of 21 U.S.C. § 841(b)(1)(B) de novo. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1015 (2015). The statute is, on its face, sufficiently clear to inform an individual of ordinary intelligence of the acts that are being criminalized. *See United States v. Brewer*, 835 F.2d 550, 553 (5th Cir. 1987). Accordingly, the statute is not void for vagueness. *See id.*

Steinberg's challenge to the jury instructions is unavailing. The district court's verbiage communicated a correct statement of the elements of the offense and was virtually identical to this circuit's pattern jury instructions. Accordingly, the district court did not abuse its discretion by giving the chosen instruction. *See United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009); *United States v. Santos*, 589 F.3d 759, 764 (5th Cir. 2009).

No. 15-11041 Cons. w/ No. 15-11043

In a preserved challenge to the reasonableness of his 270-month aggregate sentence on his new convictions, Steinberg argues that the 42-month upward variance on Count 1 leads to an unreasonable sentence. However, nothing in the record suggests that the district court did not account for a factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or made a clear error of judgment in balancing the sentencing factors. *See Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007); *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Moreover, this court has upheld significantly greater variances than the 42-month variance presented herein. *See United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010); *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005). Under the totality of the circumstances, the 270-month aggregate sentence is not substantively unreasonable. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012).

In his final argument, Steinberg challenges the validity of the revocation of his term of supervised release in light of his argument that his new convictions should be vacated. Steinberg pleaded true to violating six conditions of supervised release, at least two of which were unrelated to the new convictions. Steinberg's admission to any one of these violation provided a sufficient basis to revoke his term of supervised release. 18 U.S.C. § 3583(e)(3). Moreover, as noted above, there is no basis to overturn his convictions. Therefore, Steinberg's challenge to the validity of his supervised release is without merit.

The judgments of the district court are AFFIRMED.