# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11781
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
August 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOAQUIN DEWAYNE PRICE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-182-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Joaquin Dewayne Price pleaded guilty to being a felon in possession of a firearm (count one), possession with intent to distribute a controlled substance (count two), and possession of a firearm in furtherance of a drug trafficking crime (count three). He argues that his convictions on counts two and three violate the Double Jeopardy Clause and that 18 U.S.C. § 922(g) is unconstitutional. The Government has filed an unopposed motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11781

summary affirmance arguing that Price's arguments are foreclosed by circuit precedent, or, alternatively, requesting an extension of time to file its response brief.

Price correctly concedes that his argument that separate prosecutions for counts two and three violated the Double Jeopardy Clause because count two is a lesser included offense of count three is foreclosed. *See United States v. Nguyen*, 117 F.3d 796, 797 & n.1 (5th Cir. 1997); *United States v. Martinez*, 28 F.3d 444, 446 (5th Cir. 1994). He also correctly concedes that his arguments that 18 U.S.C. § 922(g)(1) is unconstitutional because it exceeds the scope of Congress's power under the Commerce Clause and because it does not require proof of knowledge that the firearm traveled in interstate commerce are also foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013); *United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir. 2001); *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999); *United States v. Rose*, 587 F.3d 695, 705-06 (5th Cir. 2009). He raises the arguments to preserve them for further review.

The parties are correct that *Martinez, Alcantar, and Rose* foreclose Price's arguments. Accordingly, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.