**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-10596

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CHRISTOPHER JOE CANTU,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-197

Before DAVIS, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Christopher Joe Cantu appeals his conviction for being a felon in possession of a firearm. We affirm.

**I**

Officers Michael Conway and Patrick Burke were patrolling in a high crime area of Dallas and observed a red Eagle Talon running two stop signs. The officers turned on their emergency lights with the intent to make a traffic

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

stop. The red car pulled into a grassy area alongside of a house, and the police car pulled up a distance behind it.

Officers Conway and Burke testified that they watched Cantu exit the car and walk toward the left front quarter panel of a parked Suburban carrying a medium-sized object. They then saw Cantu squat down below the Suburban and place the object underneath the vehicle. After detaining Cantu, the officers approached the place where Cantu had crouched near the Suburban and found a blue bullet proof vest and a firearm.

A jury convicted Cantu of being a felon in possession of a firearm. Following Cantu's conviction, the presentence report (PSR) recommended that Cantu receive a base offense level of twenty-four because he committed the instant offense after having at least two prior felony convictions for burglaries of a habitation and a conviction for aggravated robbery with a deadly weapon. Additionally, because Cantu had three prior convictions for a violent felony, he was classified as an armed career criminal subject to an enhanced sentence under the Armed Career Criminal Act (ACCA). This increased his recommended total offense level to thirty-three. Based on a total offense level of thirty-three and a criminal history category of VI, Cantu's sentencing guidelines range was 235-293 months. The district court sentenced Cantu to a term of imprisonment of 284 months. Cantu timely appealed.

## II

Cantu argues that the evidence was insufficient to support his conviction. In analyzing a sufficiency of the evidence challenge, this court "must decide whether a rational trier of fact could have found that each element of the charged criminal offense was proven beyond a reasonable doubt."[1] "We consider

---

[1] *United States v. Guidry*, 406 F.3d 314, 317-18 (5th Cir. 2005).

all the evidence in a light most favorable to the [G]overnment, drawing all inferences and credibility choices in its favor."[2]

To prove possession of a firearm by a convicted felon under 18 U.S.C. § 922(g), the Government must prove that the defendant: (1) had previously been convicted of a felony; (2) possessed a firearm; and (3) that the firearm traveled in or affected interstate commerce.[3] Cantu contests the sufficiency of the evidence only as to the third element.

"The interstate commerce element of a § 922(g)(1) charge is satisfied where the [G]overnment demonstrates that the firearm was manufactured out of state."[4] At trial, Jennifer McCarty, an expert in interstate nexus training, testified that the firearm seized was manufactured in Croatia, shipped to the Springfield Armory in Illinois, and was eventually sold by a dealer to a consumer in Texas. The Government produced sufficient evidence from which a jury could conclude beyond a reasonable doubt that the firearm possessed by Cantu affected interstate commerce.

Cantu also mounts an as-applied constitutional challenge to his conviction under § 922(g)(1), arguing that the Government had to prove that his possession of a firearm had a "substantial" effect on interstate commerce under *United*

---

[2] *Id*. at 318.

[3] *Id*.

[4] *Id*.

*States v. Lopez*,[5] *United States v. Morrison*,[6] and *Jones v. United States*.[7] As Cantu concedes, this argument is foreclosed by our precedent.[8]

### III

Cantu contends that the district court erred in instructing the jury that constructive possession could provide a basis for a conviction in his case. Because Cantu preserved his challenge to the jury instruction, our review is for abuse of discretion.[9]

"The trial court's charge must not only be legally accurate, but also factually supportable; the court may not instruct the jury on a charge that is not supported by evidence."[10] In assessing whether the evidence sufficiently supports the jury instruction, this court "view[s] the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the Government."[11] Additionally, any error is subject to harmless error review.[12]

The district court's charge required the jury to find that Cantu "knowingly possessed a firearm, as charged." Cantu argues that there was no evidence to support a finding of constructive possession because the Government failed to

---

[5] 514 U.S. 549 (1995).

[6] 529 U.S. 598 (2000).

[7] 529 U.S. 848 (2000).

[8] *See United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996) ("[N]either the holding in *Lopez* nor the reasons given therefor constitutionally invalidate § 922(g)(1)."); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001) ("Neither *Jones* nor *Morrison* affects or undermines the constitutionality of § 922(g).").

[9] *United States v. Freeman*, 434 F.3d 369, 377 (5th Cir. 2005).

[10] *United States v. Mendoza-Medina*, 346 F.3d 121, 132 (5th Cir. 2003) (citation and internal quotation marks omitted).

[11] *Id.* (citation and internal quotation marks omitted).

[12] *Id.*

show that the firearm was already under the Suburban and that Cantu knew of its location. Assuming, arguendo, that Cantu is correct, any error is harmless.

Possession of a firearm may be actual or constructive.[13] Cantu does not argue that the Government did not have evidence to prove actual possession. Officers Conway and Burke provided unrebutted testimony that Cantu carried objects from his car and placed them under the Suburban and that the officers recovered the firearm and vest from that location. A rational juror could have found beyond a reasonable doubt that Cantu had actual possession of the firearm. Thus, we conclude that any error in the jury instruction was harmless.[14]

## IV

Cantu argues that the district court erred in finding that he was subject to the ACCA enhancement. "We review de novo the legal conclusions underlying the district court's application of the ACCA."[15]

Pursuant to the ACCA, a defendant convicted under 18 U.S.C. § 922(g) who has three prior convictions "for a violent felony . . . committed on occasions different from one another" is subject to a mandatory minimum sentence of fifteen years imprisonment.[16] A "violent felony" is defined by the ACCA as any crime that is punishable by a term of imprisonment exceeding one year and "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."[17]

---

[13] *United States v. Patterson*, 431 F.3d 832, 837 (5th Cir. 2005).

[14] *See Mendoza-Medina*, 346 F.3d at 134-35 (holding that the error in giving a deliberate ignorance instruction was harmless because there was substantial evidence of actual knowledge).

[15] *United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006).

[16] 18 U.S.C. § 924(e)(1).

[17] § 924(e)(2)(B)(ii).

The Supreme Court has interpreted "burglary" in § 924(e) to require that the state statute contain, at a minimum, the following elements: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime."[18]  Under Texas Penal Code § 30.02(a)(1), a person commits burglary if, without the effective consent of the owner, that person "enters a habitation, or a building (or any portion of a building) not then open to the public, with the intent to commit a felony, theft, or an assault."  Further, under Texas Penal Code § 30.02(a)(3) a person commits burglary if that person "enters a building or habitation and commits or attempts to commit a felony, theft, or an assault."  This court has previously held that the offense of burglary of a habitation under Texas Penal Code § 30.02(a)(1) qualifies as a generic burglary for purposes of the ACCA.[19]  This court has also determined that a burglary conviction under § 30.02(a)(3) is not a conviction for generic burglary because it does not require an intent to commit another crime at the time of entry.[20]

In determining whether an offense satisfies the ACCA, a court is limited to "examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented,"[21] or to "some comparable judicial record of this information."[22]  The court may examine a judicial confession to

---

[18] *Taylor v. United States*, 495 U.S. 575, 598 (1990).

[19] *United States v. Silva*, 957 F.2d 157, 162 (5th Cir. 1992); *see also United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006) (same).

[20] *United States v. Constante*, 544 F.3d 584, 585-86 (5th Cir. 2008).

[21] *Shepard v. United States*, 544 U.S. 13, 16 (2005).

[22] *Id*. at 26.

determine whether a prior conviction qualifies as a crime of violence.[23]

Cantu contends that the Government failed to prove that he has three prior convictions for violent felonies. Cantu does not dispute that his conviction for aggravated robbery with a deadly weapon is a violent felony. The Government also concedes that one of Cantu's three burglary convictions does not qualify under the ACCA because it was reduced to a misdemeanor offense. Therefore, at issue are two of Cantu's prior burglary convictions in Texas.

## A

In regard to Cantu's first burglary offense, case number F-9573956, the Government supplemented the record on appeal with a confession by Cantu. The confession reads, in relevant part, that Cantu did:

> unlawfully, knowingly and intentionally enter a habitation without the effective consent of . . . the owner thereof, with the intent to commit theft . . . .

Through the production of Cantu's confession, the Government has shown that Cantu's burglary conviction in case number F-9573956 violated Texas Penal Code § 30.02(a)(1) and was therefore a violent felony.

## B

Cantu claims that his second Texas burglary conviction, case number F-9575353, does not qualify as a violent felony. Cantu did not object to the ACCA enhancement based on this conviction in the district court. Therefore, we review this claim for plain error.[24] To prevail under the plain error standard, Cantu must demonstrate (1) error, (2) that is clear and obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or

---

[23] *United States v. Garcia-Arellano*, 522 F.3d 477, 481 (5th Cir.) (holding that a federal court may rely on a written judicial confession in determining the nature of a Texas offense to which a defendant pleaded guilty), *cert. denied*, 129 S. Ct. 353 (2008).

[24] *United States v. Molina*, 530 F.3d 326, 329 (5th Cir. 2008).

public reputation of judicial proceedings.[25]

In case number F-9575353, the Government charged Cantu with the alternative theories of burglary under Texas Penal Code § 30.02(a)(1) and § 30.02(a)(3). The indictment reads, in relevant part that:

> Cantu, Christopher Joe, defendant,
>
> on or about the 9th day of June A.D. 1995 in the county of Dallas and said State, did
>
> unlawfully, knowingly and intentionally enter a habitation without the effective consent of . . . the owner thereof, with the intent to commit theft,
>
> and further, said defendant did knowingly and intentionally enter a habitation without the effective consent of . . . the owner thereof, and did then and there commit and attempt to commit theft.

The Government produced a confession from Cantu that included only the second sentence of the first paragraph and the entire second paragraph in the indictment. The confession reads, in relevant part:

> On the 9 day of June 1995, in Dallas County, Texas, I did unlawfully,
>
>> consent of . . . the owner thereof with the intent to commit theft,
>>
>> and further, said defendant did knowingly and intentionally enter a habitation without the effective consent of . . . the owner thereof, and did then and there commit and attempt to commit theft.

In addition to the specific admissions above, the confession included a general, boiler-plate clause that stated, "I further judicially confess that I committed the offense with which I stand charged exactly as alleged in the indictment in this cause."

This court has previously considered information contained within a plea document to determine the character of a prior offense even though the

---

[25] *Id.*

information did not specifically relate to the charge in question. In *United States v. Lopez-DeLeon*, the defendant had pled no contest in a California court to that state's equivalent of statutory rape and to one count of "lewd act with a child under the age of 14."[26] Lopez-DeLeon was deported and was later arrested for illegal reentry.[27] At sentencing, the district court found that Lopez-DeLeon's prior conviction for statutory rape was a "crime of violence" pursuant to United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii).[28] The California crime of statutory rape does not meet the generic definition of statutory rape because a person may be convicted for actions with a victim as old as seventeen.[29] Nevertheless, this court held that the defendant's stipulation to the child's younger age in the related count sufficiently established a generic statutory rape.[30]

Similar to *Lopez-DeLeon*, here the sum of Cantu's confession sufficiently establishes that he committed a generic burglary. In the second paragraph of the confession, Cantu admitted that he knowingly and intentionally entered a habitation without the consent of the owner. In the portion of the first paragraph of the indictment included in the confession, Cantu confessed that, on the same date, he had the intent to commit theft. While the sentence including the intent portion is of poor quality, it is legible and entered into evidence without objection. Cantu's generic admission that he committed the offense as charged in the indictment, coupled with his specific admissions,

---

[26] 513 F.3d 472, 473, 474 n.2 (5th Cir. 2008).

[27] *Id*. at 473.

[28] *Id*.

[29] *Id*. at 475 ("Thus, § 261.5(c) is overly broad for the purposes of defining statutory rape pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).").

[30] *Id*. at 475-76.

supports a conclusion that Cantu confessed to committing burglary under Texas Penal Code § 30.02(a)(1).[31] Therefore, we cannot say that the district court clearly erred in its determination that Cantu's Texas burglary conviction, case number F-9575353, qualifies as a violent felony.

\* \* \*

AFFIRMED.

---

[31] *See United States v. Garcia-Arellano*, 522 F.3d 477, 481 (5th Cir. 2008) (holding that the defendant's specific confession of the crime charged as well as a boiler-plate statement that he "committed the offense with which [he] stand[s] charged exactly as alleged in the indictment in this case" conclusively established that the defendant's prior conviction qualified as a drug trafficking offense under the United States Sentencing Guidelines).