# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 28, 2012

No. 11-40662
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO TREVINO-RODRIGUEZ, also known as Francisco de Jesus
Trevino,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-1896-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Francisco Trevino-Rodriguez (Trevino) appeals the 57-month sentence imposed upon him following his guilty plea conviction of being found illegally present in the United States following deportation, in violation of 8 U.S.C. § 1326(a), (b). Trevino argues that the district court committed reversible plain error when it enhanced his offense level by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior conviction in Texas for burglary of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

habitation, which the district court characterized as a crime of violence (COV). He argues that the statute under which he was convicted, TEX. PENAL CODE ANN. § 30.02(a), includes a means to commit the offense that does not meet the definition of a generic burglary as required by the Guidelines to impose such an enhancement. More specifically, he asserts that the offense of which he was convicted is not equivalent to the enumerated offense of burglary of a dwelling. He contends that his sentence should be vacated and his case remanded for resentencing. The Government agrees.

Because Trevino did not object to the enhancement in the district court, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009). To prevail under plain-error review, Trevino must show an error that is "clear or obvious, rather than subject to reasonable dispute." *Id.* He also must show that the error affected his substantial rights. *See id.* If he makes these showings, we have the discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, alteration, and citation omitted).

"[T]he generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990); *United States v. Ortega-Gonzaga*, 490 F.3d 393, 394 (5th Cir. 2007) (using the *Taylor* definition to determine whether a burglary offense was equivalent to the enumerated offense of burglary of a dwelling for purposes of the 16-level COV enhancement under § 2L1.2(b)(1)(A)(ii)).

Under TEX. PENAL CODE ANN. § 30.02(a)(1), a person commits burglary of a habitation if, without the effective consent of the owner, he "enters a habitation, or a building . . . with the *intent* to commit a felony, theft, or an assault." *Id.* (emphasis added). A conviction under TEX. PENAL CODE ANN. § 30.02(a)(1) is equivalent to the enumerated offense of burglary of a dwelling. *United States v. Garcia-Mendez*, 420 F.3d 454, 456-57 (5th Cir. 2005). Under

TEX. PENAL CODE ANN. § 30.02(a)(3), a person commits burglary of a habitation if he "enters a building or habitation and commits or attempts to commit a felony, theft, or an assault."   A conviction under TEX. PENAL CODE ANN. § 30.02(a)(3) is not equivalent to the enumerated offense of burglary of a dwelling. *United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008) (holding that § 30.02(a)(3) was not equivalent to a "violent felony" for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e)); *see also United States v. Herrera-Montes*, 490 F.3d 390, 391-92 (5th Cir. 2007) (holding that a Tennessee statute, identical in relevant part to § 30.02(a)(3), was not equivalent to the enumerated offense of burglary of a dwelling for purposes of § 2L1.2(b)(1)(A)(ii)).

Because TEX. PENAL CODE ANN. § 30.02 contains multiple, disjunctive subsections, we may consider certain state court records to determine whether Trevino's burglary conviction is equivalent to the enumerated offense of burglary of a dwelling. *See United States v. Garza-Lopez*, 410 F.3d 268, 273 (5th Cir. 2005).   In the instant case, the indictment against Trevino tracked the language of TEX. PENAL CODE ANN. § 30.02(a)(3), alleging that Trevino entered a habitation and attempted to commit or committed theft of property.   It did not allege that Trevino entered the habitation with the intent to commit theft therein, as required to meet the generic definition of burglary. *See Taylor*, 495 U.S. at 598; *see also Constante*, 544 F.3d at 586-87.

The Government thus failed to carry its burden of proving that Trevino's burglary conviction was equivalent to the enumerated offense of burglary of a dwelling. *See Constante*, 544 F.3d at 587; *see also Herrera-Montes*, 490 F.3d at 392.  Accordingly, the district court committed an error that was obvious when it applied the 16-level COV enhancement under § 2L1.2(b)(1)(A)(ii). *See Herrera-Montes*, 490 F.3d at 392.

Trevino also has shown that his substantial rights were affected because there is "a reasonable probability that, but for the district court's error, [he] would have received a lower sentence." *United States v. Davis*, 602 F.3d 643,

647 (5th Cir. 2010).  In the absence of the erroneous 16-level enhancement, Trevino would have been subject to, at most, an eight-level aggravated felony enhancement under § 2L1.2(b)(1)(C).  His total offense level would have been reduced from 21 to 14, and, with a criminal history category of IV, his Guidelines range would have been 27 to 33 months, much less than the 57-month sentence imposed.  *See* § 3E1.1(b).  We have repeatedly held that where, as here, a Guidelines error results in the imposition of a sentence that is greater than the maximum permitted under the correct Guidelines range, the error has affected the defendant's substantial rights, and it would seriously affect the fairness, integrity, and public reputation of the judicial proceedings to leave the error uncorrected.  *See United States v. Andino-Ortega*, 608 F.3d 305, 311-12 (5th Cir. 2010).

In light of the foregoing, the district court committed reversible plain error when it enhanced Trevino's offense level by 16 levels pursuant to § 2L1.2(b)(1)(A)(ii).  *See id.* at 312.  Accordingly, we vacate Trevino's sentence and remand the case for resentencing.

AFFIRMED, in part; VACATED, in part; REMANDED for resentencing.