# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 25, 2013

Lyle W. Cayce
Clerk

No. 13-40122
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO MORALES-RAMIREZ, also known as Ricardo Ramirez Morales,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-691-1

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ricardo Morales-Ramirez (Morales) pleaded guilty of illegal reentry following deportation and was sentenced to a 63-month term of imprisonment and to a three-year period of supervised release. Morales asserts that the district court erred in overruling his objection to the enhancement of his sentencing guidelines offense level by 16 levels because he had a prior conviction for a crime of violence, that is, the Texas offense of burglary of a habitation. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Morales was charged in the state indictment under both TEX. PENAL CODE ANN. § 30.02(a)(1) and (a)(3), which provide different means of committing burglary of a habitation. This court has concluded that an offense under § 30.02(a)(1) constitutes a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii). *United States v. Morales-Mota*, 704 F.3d 410, 412 (5th Cir.), *cert. denied*, 2013 WL 1473651 (May 13, 2013) (No. 12-9676). Conversely, this court has held that an offense under § 30.02(a)(3) is not a "violent felony" under 18 U.S.C. 924(e) because it lacks the requisite "element of intent to commit a felony, theft, or assault at the moment of entry." *United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008); *see also United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011) (holding that, because of the similarities between § 2L1.2(b)(1)(A) and § 924(e), this court "treat[s] cases dealing with these provisions interchangeably"); *United States v. Trevino-Rodriguez*, 463 F. App'x 305, 307-08 (5th Cir. 2012) (applying *Constante* in § 2L1.2(b)(1)(A)(ii) context). The Government argues that, in pleading guilty, Morales admitted all of the charges in the indictment, including subsection (a)(1), which does meet the definition of a generic burglary. This contention is without merit.

Unlike *United States v. Cantu*, 340 F. App'x 186, 191-92 (5th Cir. 2009), cited by the Government, the record in this case contains no evidence reflecting the specific subsection to which Morales pleaded guilty, nor does it contain the factual basis for his plea. Thus, we cannot determine whether Morales pleaded guilty to an offense that meets the definition of a generic burglary. *See United States v. Morales-Martinez*, 496 F.3d 356, 359-60 (5th Cir. 2007); *see also United States v. Beltran-Ramirez*, 266 F. App'x 371, 372 (5th Cir. 2008). Accordingly, the district court erred in imposing the 16-level enhancement. Because the Government cannot demonstrate convincingly that the district court would have imposed the same sentence if it had not imposed the 16-level enhancement, the error was not harmless. *See United States v. Ibarra-Luna*, 628 F.3d 712, 713-14 (5th Cir. 2010); *see also Trevino-Rodriguez*, 463 F. App'x at 308.

No. 13-40122

Morales contends that the district court erred in refusing to award a third-level reduction for acceptance of responsibility because the Government refused improperly to move for the adjustment based on Morales's refusal to enter into a plea agreement containing an appeal waiver. He concedes that this issue is foreclosed by *United States v. Newson*, 515 F.3d 374, 378 (5th Cir. 2008), and he raises it to preserve it for further review.

The judgment is VACATED, and the case is REMANDED for resentencing.