IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 9, 2008

Charles R. Fulbruge III
Clerk

No. 06-41553

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VINICIO CRUZ LOPEZ-DeLEON

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before WIENER, DeMOSS, and PRADO, Circuit Judges.

DeMOSS, Circuit Judge:

Appellant Vinicio Cruz Lopez-DeLeon (Lopez) appeals his forty-six month sentence, imposed after he pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326(a). Over Lopez's objection, the district court enhanced his base offense level by sixteen levels, holding that Lopez's prior California conviction for sexual intercourse with a minor was a "crime of violence" within § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines (U.S.S.G.). We find that Lopez's prior conviction qualifies as a crime of violence and affirm the decision of the district court.

I. BACKGROUND

On August 25, 1997, Lopez pleaded no contest in a California state court to one count of "sexual intercourse with a minor" in violation of California Penal Code § 261.5(c) (hereinafter § 261.5(c)), and one count of "lewd act with a child under the age of 14" in violation of California Penal Code § 288(a) (hereinafter § 288(a)). On December 16, 1997, a California court sentenced Lopez to one year in prison and three years probation based on his violation of § 261.5(c). The court ordered Lopez to return one year later, on December 16, 1998, to be sentenced on his violation of § 288(a), at which time he would be allowed to make a motion to withdraw his plea to this charge. However, Lopez was deported on July 14, 1998, and thus did not appear for his scheduled sentencing on December 16, 1998.

On May 23, 2006, Lopez was arrested near Mission, Texas. Lopez pleaded guilty to illegal reentry, reserving his right to appeal his sentence. At sentencing the district court found that Lopez's prior conviction for § 261.5(c) was a "crime of violence" pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), and applied a sixteen level sentencing enhancement.[1] The district court ultimately calculated a sentencing guidelines range of forty-six to fifty-seven months of imprisonment, and Lopez was sentenced to forty-six months and a two-year term of supervised release. Lopez timely filed his notice of appeal on October 6, 2006.

On appeal, Lopez argues that: (1) his California conviction for "sexual intercourse with a minor" does not constitute a "crime of violence" pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii); (2) the felony and aggravated felony provisions of 8 U.S.C. § 1326(a) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000); and (3) the presumption of reasonableness applied by the Fifth Circuit to a properly calculated Guidelines Sentence is unconstitutional.

## II. DISCUSSION

---

[1] The district court did not consider Lopez's prior plea of no contest to § 288(a).

A.    California Penal Code § 261.5(c)

The district court's characterization of Lopez's prior conviction as a crime of violence is a question of law that is reviewed de novo. See United States v. Izaguirre-Flores, 405 F.3d 270, 272 (5th Cir. 2005).

Section 2L1.2 of the Sentencing Guidelines increases the base offense level for unlawfully entering or remaining in the United States by sixteen levels if the defendant has a prior conviction for a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The applicable commentary to the Guidelines provides:

> "Crime of violence" means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

Id. at cmt. n.1 (B)(iii). The Government contends that Lopez's prior conviction constitutes an enumerated "crime of violence" offense, namely, "sexual abuse of a minor" and "statutory rape." Lopez does not dispute that he engaged in sexual intercourse with the victim; rather, Lopez argues that the definition of "minor" pursuant to § 261.5(c) is over broad because it criminalizes some conduct that would not be criminalized under the generic definition of statutory rape, and thus his prior conviction does not qualify as a crime of violence.

Whether a prior conviction qualifies as an enumerated "crime of violence" requires an examination of the "generic, contemporary meaning" of the offense and a comparison to the actual statute of conviction. See United States v. Murillo-Lopez, 444 F.3d 337, 339 (5th Cir. 2006). This court applies a "common sense approach" to determine how an enumerated offense "is understood in its ordinary, contemporary, [and] common meaning." Id. (internal quotations omitted). Under the common sense approach, we must determine whether a

violation of § 261.5(c) constitutes the enumerated offense of "statutory rape" as that phrase is understood in its ordinary, contemporary, and common meaning, by reviewing the Model Penal Code (MPC), treatises, modern state codes, and dictionaries.[2] See United States v. Fierro-Reyna, 466 F.3d 324, 327 (5th Cir. 2006); see also Izaguirre-Flores, 405 F.3d at 275.

Statutory rape laws define the age below which a person is legally incapable of consenting to sexual activity. The MPC defines statutory rape as a person who has sexual intercourse with someone not their spouse if "the other person is less than 16 years old and the actor is at least four years older than the other person." MODEL PENAL CODE § 213.3(1)(a) (2001). A majority of jurisdictions set the age of consent at sixteen in their statutory rape law or its equivalent.[3] Federal law also sets the age of consent at sixteen. 18 U.S.C. §

---

[2] Our determination focuses on the enumerated offense of "statutory rape" rather than "sexual abuse of a minor" because courts have recognized that section § 261.5(c) is California's codification of its statutory rape statute. See United States v. Rodriguez-Guzman, 506 F.3d 738, 741 (9th Cir. 2007) (citing Michael M. v. Superior Court, 450 U.S. 464, 466 (1981) (plurality opinion); see also People v. Osband, 919 P.2d 640, 712 (Cal. 1996) ("'Statutory rape' is commonly understood to be the offense of unlawful sexual intercourse with a minor (§ 261.5(c). . . .")).

[3] A review of each jurisdictions' statutory rape (or its equivalent) statute establishes that 34 jurisdictions set the age of consent at 16, 6 jurisdictions set the age of consent at 17, and 11 jurisdictions set the age of consent at 18.

The following 34 jurisdictions set the age of consent at 16: Alabama, ALA. CODE § 13A-6-70; Alaska, ALASKA STAT. §§ 11.41.436, .438; Arkansas, ARK. CODE ANN. §5-14-127; Connecticut, CONN. GEN. STAT. §§ 53a-70, 71; District of Columbia, D.C. CODE §§ 22-3008, 3009; Georgia, GA. CODE ANN. §16-6-3; Hawaii, HAW. REV. STAT. § 707-730; Indiana, IND. CODE § 35-42-4-9; Iowa, IOWA CODE § 709.4; Kansas, KAN. STAT. ANN. §§ 21-3502, -3504; Kentucky, KY. REV. STAT. ANN. § 510.020; Maine, ME. REV. STAT. ANN. tit. 17-A, § 254; Maryland, MD. CODE ANN., CRIM. LAW § 3-308; Massachusetts, MASS. GEN. LAWS ch. 265, § 23; Michigan, MICH. COMP. LAWS § 750.520d; Minnesota, MINN. STAT. §§ 609.342, .344; Mississippi, MISS. CODE ANN. § 97-3-65; Montana, MONT. CODE ANN. § 45-5-501; Nebraska, NEB. REV. STAT. ANN. § 28-319; Nevada, NEV. REV. STAT. § 200.364; New Hampshire, N.H. REV. STAT. ANN. § 632-A:3; New Jersey, N.J. STAT. ANN. § 2C:14-2; New Mexico, N.M. STAT. ANN. § 30-9-11; North Carolina, N.C. GEN. STAT. § 14-27.7A; Ohio, OHIO REV. CODE ANN. § 2907.04; Oklahoma, OKLA. STAT. tit. 21, §§ 45-1111, -1112. Pennsylvania, PA. CONS. STAT. tit. 18, §§ 3122.1, 3125; Rhode Island, R.I. GEN. LAWS § 11-37-6; South Carolina, S.C. CODE ANN. 16-3-655; South Dakota, S.D. CODIFIED LAWS §§ 22-22-1, -7, -7.3; Vermont, VT. STAT. ANN. tit.

2243(a) (2006) (federal law is violated when a defendant knowingly engages in "a sexual act with another person who (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging"). Finally, Black's Law Dictionary defines "statutory rape" as "[u]nlawful sexual intercourse with a person under the age of consent (as defined by statute), regardless of whether it is against that person's will." BLACK'S LAW DICTIONARY 1288 (8th ed. 2004). The operative term, "age of consent," is defined as "[t]he age, usually defined by statute as 16 years, at which a person is legally capable of agreeing to marriage (without parental consent) or to sexual intercourse." Id. at 66. Using the common sense approach, we conclude that the ordinary, contemporary, and common meaning of minor, or "age of consent" for purposes of a statutory rape analysis, is sixteen.

Next, we compare the generic, contemporary meaning to the actual statute of conviction. Murillo-Lopez, 444 F.3d at 339-40. Section 261.5(a) states: "[u]nlawful sexual intercourse is an act of sexual intercourse accomplished with a person who is not the spouse of the perpetrator, if the person is a minor. For the purposes of this section, a 'minor' is a person under the age of 18 years and an 'adult' is a person who is at least 18 years of age." CAL. PENAL CODE § 261.5 (a). By setting the age of consent at eighteen rather than sixteen, § 261.5(c)

---

13, § 3252; Washington, WASH. REV. CODE § 9A.44.079; West Virginia, W. VA. CODE § 61-8B-2; and Wyoming, WYO. STAT. ANN. §§ 6-2-304, -308.

The following 6 jurisdictions set the age of consent at 17: Colorado, COLO. REV. STAT. § 18-3-402; Illinois, 720 ILL. COMP. STAT. 5/ 12-16; Louisiana, LA. REV. STAT. ANN. § 14:80; Missouri, MO. REV. STAT. § 566.034; New York, N.Y. PENAL LAW § 130.05; and Texas, TEX. PENAL CODE ANN. § 22.011.

The following 11 jurisdictions set the age of consent at 18: Arizona, ARIZ. REV. STAT. ANN. § 13-1405; California, CAL. PENAL CODE § 261.5; Delaware, DEL. CODE. ANN. tit. 11, § 770; Florida, FLA. STAT. ANN. § 794.05; Idaho, IDAHO CODE ANN. § 18-6101; North Dakota, N.D. CENT. CODE § 12.1-20-05; Oregon, OR. REV. STAT. ANN. § 163.315; Tennessee, TENN. CODE ANN. § 39-13-506; Utah, UTAH CODE ANN. §§ 76-5-401, -402.1; Virginia, VA. CODE ANN. § 18.2-371; and Wisconsin, WIS. STAT. ANN. § 948.09.

criminalizes some conduct that would not be criminalized under the generic, contemporary meaning of statutory rape. Thus, § 261.5 (c) is overly broad for the purposes of defining statutory rape pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).[4]

When the statute of conviction is overly broad, we "may also examine certain adjudicative records to determine whether [Lopez's] prior conviction qualifies as an enumerated offense." Murillo-Lopez, 444 F.3d at 339-40. These records are generally limited to the "charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005).

Lopez pleaded "no contest" to both charges brought against him in the California court. Under California law, a no contest plea has the same effect as a plea of guilty in the context of the criminal proceedings. See, e.g., People v. West, 477 P.2d 409, 411 (Cal. 1970). Lopez stipulated, through counsel, to a factual basis for his offense during the plea colloquy. Although not sentenced for § 288(a), the elements of that charge necessarily require a victim to be under the age of 14, and Lopez pleaded no contest to the elements of this offense. The factual basis underlying both offenses is the same. The charging document, which was orally amended at the plea colloquy to include a charge under § 261.5(c), which was thus incorporated by reference, establishes that the victim was under the age of 14. Furthermore, Lopez cites no authority that requires us to consciously disregard information contained within the Shepard documents simply because it does not specifically relate to the § 261.5(c) charge. The

---

[4] We also note that the Ninth Circuit has recently recognized that § 261.5(c) is "out-of-step with the 'vast majority of states' that do not use eighteen as the age of consent." Rodriguez-Guzman, 506 F.3d at 745 (citing Estrada-Espinoza v. Gonzales, 498 F.3d 933, 941 (9th Cir. 2007) (Thomas, J., concurring) ); see also United States v. Thomas, 159 F.3d 296, 299 (7th Cir. 1998) ("[I]n a majority of states 16 is the age of consent, rather than 17 as in Illinois.").

charging document and plea colloquy clearly state, by listing the elements for the § 288(a) charge, that the victim was under the age of 14. Lopez was born in 1975, and was 21 at the time of the offense. Thus his prior conviction was a "crime of violence," warranting a sixteen level sentence enhancement.

B.    Lopez's foreclosed arguments

We review the constitutionality of a federal statute de novo. United States v. Luna, 165 F.3d 316, 319 (5th Cir.1999).

Lopez challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This issue is "fully foreclosed from further debate" in the Fifth Circuit. United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 2008 WL 59441 (Jan. 7, 2008).

Lopez also argues that it is unconstitutional for the Fifth circuit to apply a presumption of reasonableness to a properly calculated guidelines sentence. This argument is foreclosed by Rita v. United States, 127 S. Ct. 2456, 2462 (2007). Further, Lopez has not overcome this presumption.

The judgment and sentence of the district court are AFFIRMED.