REVISED April 13, 2009

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

F I L E D

March 18, 2009

Charles R. Fulbruge III
Clerk

No. 07-51344

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ERNESTO MUÑOZ-ORTENZA also known as Mario Gonzalez-Muñoz

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before DAVIS, CLEMENT, and ELROD, Circuit Judges.

JENNIFER W. ELROD, Circuit Judge:

Defendant-Appellant Ernesto Munoz-Ortenza pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326, and appeals his sentence of forty-one months of imprisonment and three years of supervised release based in part on a sixteen-level enhancement that resulted from Munoz-Ortenza's previous criminal conviction in California for oral copulation of a minor. We vacate and remand for resentencing.

## I. BACKGROUND

On August 16, 2007, Munoz-Ortenza pleaded guilty to a single-count indictment for illegal reentry in violation of 8 U.S.C. § 1326(a) as enhanced by § 1326(b). The probation officer assessed a sixteen-level enhancement under

U.S. Sentencing Commission Guideline Manual (U.S.S.G.) § 2L1.2(b)(1)(A) because Munoz-Ortenza had been deported to Mexico following a 2001 conviction in California for oral copulation of a minor in violation of California Penal Code § 288a(b)(1). Munoz-Ortenza had pleaded guilty on January 21, 2001 to this offense.[1]

Munoz-Ortenza objected to the enhancement, arguing that his prior conviction was not a "crime of violence" under the Guidelines, which include "sexual abuse of a minor" as an enumerated category in the definition of a crime of violence. See U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Munoz-Ortenza claimed that the California statute was overbroad because it criminalized consensual conduct in cases where one party was under eighteen. Based on our decision in United States v. Izaguirre-Flores, 405 F.3d 270 (5th Cir. 2005), the probation officer reasoned that a common-sense approach to defining "sexual abuse of a minor" would categorically include oral copulation with a person under eighteen.

The district court agreed with the probation officer, overruling Munoz-Ortenza's objection, and sentencing him to forty-one months of imprisonment and three years of supervised release. Munoz-Ortenza timely appealed.

## II.  DISCUSSION

A.    Standard of Review

We review the district court's characterization of a defendant's prior conviction de novo. United States v. Balderas-Rubio, 499 F.3d 470, 472 (5th Cir. 2007), cert. denied, 128 S. Ct. 1304 (2008). When a defendant does not raise the issue in the district court, we review for plain error. See United States v. Infante, 404 F.3d 376, 394 (5th Cir. 2005). We find plain error when we find a clear and obvious error that affected the defendant's substantial rights, and then we may exercise our discretion to correct the error only if "the error seriously affects the

---

[1] The state court suspended his sentence and granted probation. His parole, however, was revoked October 3, 2002, and he was sentenced to sixteen months of imprisonment in state prison. This offense resulted in Munoz-Ortenza's deportation on December 14, 2002.

fairness, integrity, or public reputation of judicial proceedings." Id.

B.   Sexual Abuse of a Minor

Under the Guidelines, an alien convicted of illegal reentry under 8 U.S.C. § 1326 is subject to a sixteen-level enhancement if he was previously deported after committing a "crime of violence." § 2L1.2(b)(1)(A)(ii). The comments define "crime of violence" to include "sexual abuse of a minor." § 2L1.2 cmt. n.1(B)(iii). We use a common-sense approach to determine if a prior conviction is categorically an enumerated offense, deciding whether an offense is sexual abuse of a minor according to its ordinary, contemporary and common meaning. Izaguirre-Flores, 405 F.3d at 274–75; see United States v. Dominguez-Ochoa, 386 F.3d 639, 642–43 (5th Cir. 2004) ("Taylor instructs that where, as here, the enhancement provision does not specifically define the enumerated offense, we must define it according to its 'generic, contemporary meaning' and should rely on a uniform definition, regardless of the 'labels employed by the various States' criminal codes.'" (quoting Taylor v. United States, 495 U.S. 575, 592, 598 (1990))). We ground this analysis in the statute of conviction rather than the defendant's specific conduct. United States v. Najera-Najera, 519 F.3d 509, 511 (5th Cir.), cert. denied, 129 S. Ct. 139 (2008). "If the statute of conviction is overly broad, we may also examine certain adjudicative records to determine whether the prior conviction qualifies as an enumerated offense." United States v. Murillo-Lopez, 444 F.3d 337, 339–40 (5th Cir. 2006).

Munoz-Ortenza argues that a Taylor analysis of California Penal Code § 288a(b)(1) yields the conclusion that the statute criminalizes conduct not within the generic category of sexual abuse of a minor. Specifically, the California statute includes all persons under eighteen within its ambit, whereas most states, according to Munoz-Ortenza, limit the application of such statutes to persons under sixteen or seventeen. Munoz-Ortenza did not raise this argument below. In the district court, he argued that the California statute improperly criminalizes consensual conduct. For this reason, we review his

definition-of-a-minor argument for plain error. See Infante, 404 F.3d at 394.

Munoz-Ortenza's claims that the California statute is overbroad because it defines "minor" as anyone under eighteen, whereas the common definition of "minor" for purposes of defining "sexual abuse" is a person under sixteen or seventeen. In United States v. Lopez-DeLeon, 513 F.3d 472 (5th Cir.), cert. denied, 128 S. Ct. 2916 (2008), we examined this argument in the context of California's statute prohibiting sexual intercourse with a minor, California Penal Code § 261.5(c). We reviewed the Model Penal Code, treatises, modern state codes, and dictionaries to determine that "the ordinary, contemporary, and common meaning of minor, or 'age of consent' for purposes of a statutory rape analysis, is sixteen." Id. at 475; see also id. at 474 n.3 (noting that thirty-four states and the District of Columbia set the age of consent at sixteen, six states at seventeen, and eleven states at eighteen). Because the California statute criminalized conduct that was not within the generic, ordinary definition of statutory rape (using the above definition of minor), we held the statute overly broad for defining the "statutory rape" component of a "crime of violence" in § 2L1.2(b)(1)(A)(ii).[2] Id. at 475.

A survey of state and federal statutes and model codes criminalizing sexual abuse of a minor confirms the same result in this case. Thirty-nine states, federal law, and the Model Penal Code define minor as one under sixteen (or younger) for purposes of punishing oral copulation.[3] Five states define minor

---

[2] We are mindful that in Lopez-DeLeon we expressly discussed the "statutory rape" component of Guideline § 2L1.2 commentary note 1(B)(iii) rather than the "sexual abuse of a minor" component. See 513 F.3d at 474 n.2. We do not offer an opinion on the similarity or difference between statutory rape and sexual abuse of a minor predicated on oral copulation.

[3] See Ala. Code §§ 13A-6-60, -64; Alaska Stat. § 11.41.436; Ark. Code Ann. §§ 5-14-101, -127; Conn. Gen. Stat. §§ 53a-65, -71; Del. Code Ann. tit. 11, §§ 761, 770; Fla. Stat. § 800.04; Ga. Code Ann. § 16-6-2; Haw. Rev. Stat. § 707-730; Ind. Code §§ 35-41-1-9, -26, 35-42-4-9; Iowa Code §§ 702.17, 709.4; Kan. Stat. Ann. §§ 21-3501, -3505; Ky. Rev. Stat. Ann. §§ 510.010, .080; Me. Rev. Stat. Ann. tit. 17-A, §§ 251, 254; Md. Code Ann., Crim. Law §§ 3-301, 3-307; Mass. Gen. Laws ch. 265, § 23; Mich. Comp. Laws §§ 750.520a, 750.520d; Minn. Stat. § 609.341; Miss. Code Ann. §§ 97-3-95, -97; Mont. Code Ann. §§ 45-2-101, 45-5-501, -503; Neb.

in this situation as one under seventeen.[4]   Six states and the District of Columbia define minor as one under eighteen.[5]   Thus, using a Taylor common-sense approach, it would be difficult to conclude that a minor, in the context of the enumerated category of "sexual abuse of a minor," is one under eighteen.

Elsewhere we have held that "minor" in this context includes those under seventeen.  See United States v. Ayala, 542 F.3d 494, 495 (5th Cir. 2008), cert. denied, 2009 WL 166492 (U.S. Feb. 23, 2009); Najera-Najera, 519 F.3d at 511; United States v. Zavala-Sustaita, 214 F.3d 601, 604 (5th Cir. 2000).  We need not decide here whether "minor" as used in the enumerated category of "sexual abuse of a minor" means those under sixteen versus those under seventeen.  We can say that "minor" in this context does not include all persons under eighteen—namely, seventeen-year-olds.  We are mindful that in many contexts a minor is defined as a person under eighteen.  See Black's Law Dictionary 997 (6th ed. 1990) ("In most states, a person is no long a minor after reaching the age of 18 . . . .").  However, in the unique crime-of-violence context, we must follow the Taylor common-sense approach.

This definition of minor leads to the conclusion that California Penal Code § 288a(b)(1), which defines minor as one under eighteen, is overbroad because it criminalizes "conduct that would not be criminalized under the generic,

---

Rev. Stat. §§ 28-318, -319; Nev. Rev. Stat. §§ 200.364, .368; N.H. Rev. Stat. Ann. §§ 632-A:1, -A:3; N.J. Stat. Ann. §§ 2C:14-1, -2; N.M. Stat. § 30-9-11; N.Y. Penal Law §§ 130.00, .45; N.C. Gen. Stat. §§ 14-27.1, .7A; Ohio Rev. Code Ann. §§ 2907.01, .04; Okla. Stat. tit. 21, § 888; Or. Rev. Stat. §§ 163.305, .385; 18 Pa. Cons. Stat. §§ 3101, 3123; R.I. Gen. Laws §§ 11-37-1, -6; S.C. Code Ann. §§ 16-3-651, -655; S.D. Codified Laws §§ 22-22-1, -2; Utah Code Ann. § 76-5-401; Vt. Stat. Ann. tit. 13, §§ 3251, 3252; Va. Code Ann. § 18.2-63; Wash. Rev. Code §§ 9A.44.010, .079; W. Va. Code §§ 61-8B-1, -5; Wyo. Stat. Ann. §§ 6-2-301, -315; 18 U.S.C. §§ 2243, 2246; Model Penal Code §§ 213.0, 213.3.

[4] See Colo. Rev. Stat. §§ 18-3-401, -402; 720 Ill. Comp. Stat. §§ 5/12-12, -15; La. Rev. Stat. Ann. § 14:80.1; Mo. Rev. Stat. §§ 566.010, .064; Tex. Penal Code Ann. § 22.011.

[5] See Ariz. Rev. Stat. Ann. §§ 13-1401, -1405; Cal. Penal Code § 288a(b)(1); D.C. Code §§ 22-3001, -3009.01; Idaho Code Ann. § 18-6101; N.D. Cent. Code §§ 12.1-20-02, -05, 14-10-01; Wis. Stat. §§ 948.01, .09; Tenn. Code Ann. §§ 39-13-501, -506.

contemporary meaning" of sexual abuse of a minor. See Lopez-DeLeon, 513 F.3d at 475. Thus, § 288a(b)(1) does not categorically define sexual abuse of a minor under § 2L1.2 commentary note 1(B)(iii).[6] Under this interpretation, Munoz-Ortenza's conviction for oral copulation under § 288a(b)(1) is not a crime of violence.[7]

Next, we must decide if the district court committed plain error. The district court clearly regarded Munoz-Ortenza's offense as enumerated under the Guidelines, and applied the sixteen-level enhancement. This was error and it is plain. See United States v. Alfaro, 408 F.3d 204, 209 (5th Cir. 2005) ("[T]his court has consistently held that when a district court errs in concluding that a defendant was convicted of a 'crime of violence,' the error is plain."). There is little doubt also that the error affects Munoz-Ortenza's substantial rights: the range of imprisonment is forty-one to fifty-one months as determined with the enhancement and six to twelve months without it.[8] See United States v. Villegas, 404 F.3d 355, 364 (5th Cir. 2005) (holding that error resulting in non-overlapping sentencing ranges affects the defendant's substantial rights). Finally, we believe that this error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Accordingly, we vacate Munoz-

---

[6] The Ninth Circuit, using a Taylor analysis, recently held that the conduct proscribed in California Penal Code § 288a(b)(1) is not categorically sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) because the statute is overbroad. Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1159 (9th Cir. 2008) (en banc).

[7] While we can examine the adjudicative record to determine if a prior conviction qualifies as an enumerated offense, the record in this case is silent on the age of the victim in Munoz-Ortenza's earlier conviction.

[8] The latter number is derived by setting a base offense level of eight, as did the Presentence Investigation Report and the district court, adding four levels for Munoz-Ortenza's felony conviction (which he conceded below), and subtracting three levels for his acceptance of responsibility for a total offense level of nine. This total offense level, when coupled with his criminal history category II status, results in a range of six to twelve months.

Ortenza's conviction and remand for resentencing.[9]

## III. CONCLUSION

We recognize that reviewing crime-of-violence enhancements for plain error sometimes places the district court in the position of having its sentences vacated based upon complex fifty-state analyses that occur for the first time in the court of appeals. Nonetheless, given our precedent, we are compelled to vacate Munoz-Ortenza's sentence. At resentencing, the district court has wide discretion to sentence Munoz-Ortenza within the Guidelines or to depart as it sees fit. See, e.g., Gall v. United States, 128 S. Ct. 586, 594–98 (2007); United States v. Williams, 517 F.3d 801, 808–09 (5th Cir. 2008).

For the foregoing reasons, we VACATE Munoz-Ortenza's sentence and REMAND for resentencing.

---

[9] Munoz-Ortenza also argues for the first time on appeal that his conviction for oral copulation of a minor is not a felony under the Guidelines. He conceded, however, that his offense was a felony in his objections to the Presentence Investigation Report and during the sentencing hearing. He cannot now advance the opposite position on appeal.