# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2012

No. 10-40308

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL CHAVEZ-HERNANDEZ,
also known as Francisco Gomez-Torres

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, and HAYNES, Circuit Judge, and ENGELHARDT,
District Judge.[*]

EDITH H. JONES, Chief Judge:

Miguel Chavez-Hernandez pleaded guilty, pursuant to a plea agreement, to being illegally present in the United States after being deported, pursuant to 8 U.S.C. § 1326. Over Chavez-Hernandez's perfunctory objection, the district court increased his base offense level of eight by 16 levels, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), on the theory that his 2009 conviction for sexual activity with a minor in violation of Florida Statute § 794.05 was a "crime of violence."

---

[*] District Judge of the United States District Court for the Eastern District of Louisiana, sitting by designation.

No. 10-40308

Chavez-Hernandez's criminal history category was II. The district court granted a three-level reduction for acceptance of responsibility and a further reduction *sua sponte* because the court concluded that his criminal history was over-represented. This resulted in an advisory sentencing guidelines range of 37 to 46 months of imprisonment. U.S.S.G. Ch. 5, Pt. A, Sentencing Table. The district court sentenced Chavez-Hernandez to 37 months in prison and two years of supervised release. Chavez-Hernandez filed a timely appeal.[1] Because he did not adequately preserve his objection to the sentence, plain error review applies. Although "plain error" occurred, we are not compelled to reverse under the circumstances here presented. Sentence affirmed.

## 1. Standard of Review

When an error is preserved by specific objection in the trial court, this court reviews the district court's findings of fact for clear error and its application of the federal sentencing guidelines *de novo*. *United States v. Gharbi*, 510 F.3d 550, 554 (5th Cir. 2007). Accordingly, we review the district court's characterization of a defendant's prior conviction *de novo*. *United States v. Balderas-Rubio*, 499 F.3d 470, 472 (5th Cir. 2007), *cert. denied*, 552 U.S. 1215, 128 S. Ct. 1304, 170 L.Ed.2d 123 (2008).

If, however, the defendant has failed to make his objection to the guidelines calculation sufficiently clear, the issue is considered forfeited, and we review only for plain error. FED. R. CRIM. P. 52(b); *United States v. Whitelaw*,

---

[1] The Federal Public Defender moved for summary affirmance on the ground that the issue whether Chavez-Hernandez's conviction for sexual activity with a minor was a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii) was foreclosed by *United States v. Castro-Guevarra*, 575 F.3d 550, 552-53. (5th Cir. 2009). The court denied summary affirmance and directed briefing on the merits. *United States v. Chavez*, No. 10-40803, (Dec. 15, 2010).

No. 10-40308

580 F.3d 256, 259 (5th Cir. 2009); *United States v. Hernandez-Martinez*, 485 F.3d 270, 272 (2007); *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).  Plain error review requires four determinations:  whether there was error at all; whether it was plain or obvious; whether the defendant has been substantially harmed by the error; and whether this court should exercise its discretion to correct the error in order to prevent a manifest miscarriage of justice.  *United States v. Olano*, 507 U.S. 725, 113 S. Ct. 1170, 123 L.Ed.2d 508 (1993); *United States v. Infante*, 404 F.3d 376, 394 (5th Cir. 2005).

The purpose of plain error review is to instill in litigators the importance of preparing adequately before appearing in the trial court and, as necessary, clarifying issues to that court.  Timely, adequate objections allow the trial court to rule in the first instance and, if necessary, correct itself without spawning an appeal.  This standard usually shields the district court from reversal because of error that was unwittingly committed, because not brought to its attention. The standard also shields this court from ruling on issues that have been insufficiently vetted below.  Plain error review implicitly acknowledges that, in many cases, an appeal represents the triumph of hindsight, as a party attempts to shore up objections ineffectively lodged in the trial court, or not lodged at all, by adducing after-the-fact support for its position.  Thus, to afford the standard of harmless error, FED. R. CRIM. P. 52(a), to a defendant who makes a vague objection in the trial court, followed by a substantial and specific legal brief in the appellate court, would undermine the orderliness intended by these tiered standards.

This appeal exemplifies the lack of orderliness caused by a vague trial court objection.  Chavez-Hernandez, represented by the Federal Public Defender,

3

No. 10-40308

filed the following written objection to the PSR's recommendation of a 16-level enhancement for a crime of violence:

> Mr. Chavez-Hernandez respectfully objects . . . on the basis that the Government has failed to present competent evidence that would justify such an enhancement. Moreover, this is not a crime of violence nor an aggravated felony.

Counsel had two opportunities to explain the substance of this objection to the trial court. At the first sentencing hearing, he said the court had to rule on his objection to the 16-level crime of violence enhancement, but he presented no further support for the objection. A problem arose concerning proof of the documents and judgment underlying Chavez-Hernandez's Florida conviction, and the hearing was continued for more than a week. When the second hearing took place, defense counsel made two requests of the court—to consider a downward departure and run the sentence concurrently with an anticipated probation violation sentence in Florida—and the court initiated a downward departure for criminal history. Other than commenting, "Your Honor, you know that I had objections to the 16-level enhancement . . . ," defense counsel again failed to articulate why he objected to the enhancement. When the court stated its characterization of the prior crime as a "plus 16" enhancement, defense counsel neither objected nor said anything else about it.

On appeal, Appellant's brief raises one issue: the propriety of treating the Florida guilty plea conviction as a crime of violence. This issue receives six full pages of legal briefing. Appellant notes that to justify the enhancement, the government had to prove that he admitted, in legally acceptable form, his commission of certain acts. Whether the government offered proof sufficient for this purpose is challenged by Chavez-Hernandez according to the discussion in

No. 10-40308

*Shepard v. United States* and its numerous progeny.  544 U.S. 13, 125 S. Ct. 1254, 161 L.Ed.2d 205 (2005).  Alternatively, Chavez-Hernandez denies that the underlying offense of conviction involved an  element of "use of force" or the enumerated generic crimes of either sexual abuse of a minor or statutory rape. His brief takes four pages to explain why various authorities of this court, none directly on point, exclude the Florida statute from the ambit of the two generic crimes despite its caption, "Sexual Activity with a Minor."   None of this argument, nor any of the case law, was pointed out to the district court.

The government's brief contains nine pages of rebuttal to these arguments on the merits.

In this circuit, the government, defense counsel,  probation officers, and the district and circuit judges are vividly aware of the difficulties this court has had in interpreting the "crime of violence" guideline, especially with respect to crimes against minors and children.  *See, e.g., United States v. Olalde-Hernandez*, 630 F.3d 372 (5th Cir. 2011); *United States v. Izaguirre-Flores*, 405 F.3d 270 (5th Cir. 2005); *United States v. Calderon-Pena*, 383 F.3d 254, 256 (5th Cir. 2004) (en banc); *United States v. Zavala-Sustaita*, 214 F.3d 601 (5th Cir. 2000).  The Sentencing Commission has tried, with limited success, to ameliorate the difficulties, in part by responding to decisions of this and other appellate courts.  Suffice it to say that enhancing a base offense level for a crime of violence committed against a minor continues to raise some of the most vexing questions in federal sentencing.

Based on what little was said and written in the trial court here, the judge cannot  have intuited that Chavez-Hernandez, who admitted he had an ongoing sexual relationship with the victim "until her mother put me in jail," would be

No. 10-40308

making an extended legal argument against the enhancement.  In fact, the Federal Public Defender acknowledged during the sentencing hearing that the victim was fourteen years old.   Like most trial courts, the judge had carefully reviewed the sentencing papers before him, even to the point of criticizing the probation officer for having an incomplete file on the Florida conviction and *sua sponte* issuing a downward adjustment of the guideline range.  In sum, this case is dramatically different from *Izaguirre-Flores*, in which the interpretation of a defendant's prior offense involving a minor received "extensive briefing by the parties and consideration by the district court."  *Izaguirre-Flores*, at 272.

For all of these reasons, it is unfair to the government and the district court, and it would severely undermine procedural regularity, if we were to apply harmless error review to the purely conclusional objection by defense counsel to the "crime of violence" enhancement made in this case.  At least, Chavez-Hernandez should have alerted the court that he was challenging whether the Florida statute inherently qualifies as a statutory rape or sexual abuse of a minor enumerated offense under § 2L1.1.  Having failed to put the government or the court on notice of his current arguments in this convoluted area, Chavez-Hernandez must overcome the demanding standard of plain error review.

## 2.  Plain Error?

Chavez-Hernandez argues that the crime of violence enhancement he received under § 2L1.2(b)(1)(A)(ii) is erroneous because the "use of force" is not an element of the Florida statute of conviction, and the offense does not qualify as the enumerated offense of either statutory rape or  sexual abuse of a minor. We are required to plumb these issues in the first instance.

6

No. 10-40308

The Florida statute to which Chavez-Hernandez pled guilty in 2009 criminalizes sexual activity with 16- and 17-year-olds.  Florida Statute § 794.05(1) (2009).  A conviction for sexual assault is a crime of violence under this enhancement guideline if it is for sexual assault of a minor, for statutory rape, or for an offense with real or threatened use of physical force as an element.  U.S.S.G. § 2L 1.2 cmt. n.1(B)(iii).  On its face, Chavez-Hernandez's offense does not qualify under the physical force portion of the definition because the Florida statute does not include the use of force as an element of the offense. *See also* U.S.S.G. § 2L 1.2 cmt. n.1(B)(iii).

His offense also fails to qualify as statutory rape because the statute of conviction fails to comply with the "generic, contemporary meaning" of statutory rape using a common-sense approach.[2] *United States v. Murillo-Lopez*, 444 F.3d 337, 339-40 (5th Cir. 2006).  In *United States v. Lopez-DeLeon*, 513 F.3d 472 (5th Cir. 2008), this court conducted a national survey of statutory rape laws and concluded that "the ordinary, contemporary, and common meaning of minor or age of consent for purposes of a statutory rape analysis, is sixteen." *Id.* at 475. The court held that California's statutory rape law was not categorically a crime of violence under the statutory rape enumerated category, since the statute criminalized sex with 17-year-old victims. *Id.* at 473.  The court went on to affirm the sentence on other grounds, based on state court documents establishing that Lopez-DeLeon's victim was under 17 years of age.

The government here contends that the holding in *Lopez-DeLeon* regarding California's law was *dicta*.  This is incorrect.  If *Lopez-DeLeon* had held that

---

[2] "Analysis of whether a prior conviction is an enumerated crime of violence *requires* . . . a comparison to the actual statute of conviction." *Lopez-DeLeon* at 474 (emphasis added).

No. 10-40308

California's statute was a categorical crime of violence, it would not have reached the issue whether state court documents established the victim's age. The actual statute "*may* be supplemented by an examination of adjudicative records [w]hen the statute of conviction is overly broad." *Id.* (emphasis added). This court and others have characterized *Lopez-DeLeon* as holding that the California statutory rape law is not a categorical crime of violence because the generic definition of statutory rape does not include actions with 17-year-old victims. *See, e.g., United States v. Munoz-Ortenza*, 563 F.3d 112, 115 (5th Cir. 2009); *United States v. Viezcas-Soto*, 562 F.3d 903, 913 (8th Cir. 2009) ("The . . . Fifth Circuit therefore held that section 261(c) is overly inclusive."). *Lopez-DeLeon* dictates that Florida Statute § 794.05(1) (2009) is not a crime of violence under the portion of the guidelines addressing statutory rape.

Building on *Lopez-DeLeon* and two other cases founded on Texas law concerning sexual abuse of minors, this court held in *Munoz-Ortenza*, *supra*, a case cited by neither party, that a California statute criminalizing sexual contact with a minor 18 or under is not a crime of violence, because the age of seventeen is not within the generic, contemporary meaning of a "minor" for purposes of this enhancement. *See also United States v. Najera-Najera*, 519 F.3d 509 (5th Cir. 2008) (Texas criminal statute for indecency with a child is a crime of violence because it relates to sexual conduct with a person under seventeen); *United States v. Zavala-Sustaita*, 214 F.3d 601, 604-05 (5th Cir. 2000) (same statute, different subsection, same result). *Munoz-Ortenza* went on to hold that because the trial court's error was "plain," remand for resentencing was required. This Florida statute, although captioned "Sexual Activity with a Minor," applies to

8

No. 10-40308

seventeen-year-olds, who are not "minors" for sentencing purposes according to *Munoz-Ortenza.*

This case differs from *Munoz-Ortenza* in the sole respect that the government contends that applicable state court records, coupled with defense counsel's admission that the victim was fourteen, establish either the victim's status as a minor or the inequity, under the fourth prong of clear error review, of our reaching out on appeal to correct the plain error. We agree with the government on both counts.

First, counsel acknowledged the age of the victim. At the sentencing hearing on April 2, 2010, the district judge asked Chavez-Hernandez's counsel, "Which if any objections do you need a ruling from the Court on and what would you like to say on his behalf here?" ROA 115; Transcript 6. Mr. Nogueras, Chavez-Hernandez's counsel replied,

> MR. NOGUERAS: Thank you, Judge. Your Honor, you know that I had objections to the 16-level enhancement and after our first–last hearing, the probation officer provided us with the copy of the police report because the question was whether the child was pregnant, and apparently–
>
> THE COURT: Well, but that's not going to make a determination as to whether this plus 16 applies or not.
>
> MR. NOGUERAS: Yes. And also–but there was a question regarding whether *the 14-year-old* was pregnant or not. Apparently, the answer is "No," she was not. I also wanted to ask the Court to consider–
>
> THE COURT: And it appears to the Court this is a plus 16. The Government doesn't disagree with that, do you?

No. 10-40308

MS. LEO: No, Your Honor, it's our position that this is a plus 16.

THE COURT: That this is sexual abuse of a minor.

MS. LEO: Yes, Your Honor.

ROA 115; Transcript 6 (emphasis added).

The statement at issue here is not a "judicial admission." A judicial admission is "a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making [it]," because for a statement of counsel to qualify as a judicial admission "it must be made intentionally as a waiver, releasing the opponent from proof of fact." *Martinez v. Ballys Louisiana, Inc.,* 244 F.3d 474, 476 (5th Cir. 2001) (citation omitted). The statement does, however, qualify as an evidentiary admission. An evidentiary admission is a statement of assertion or concession made for some independent purpose. *Id.* at 476-77. Here, Chavez-Hernandez's counsel conceded during the sentencing proceedings that the defendant's victim was 14 years of age. While he contested the plus-16 sentence enhancement, he did not controvert the fact that the victim was under the age of 17, although he had the opportunity to do so. The transcript suggests that the district judge relied in part on this and surrounding statements and took into account the young age of the victim when making his sentencing decision.

Second, even if this colloquy were somehow insufficient to fulfill the evidentiary function of supporting that the victim was well below the "age of consent," the fact that the government has chosen to try to prove this fact on appeal reveals starkly the procedural unfairness of granting "plain error" relief. Had defense counsel sufficiently argued the categorical inapplicability of the

10

No. 10-40308

Florida statute to satisfy the crime of violence enhancement for sexual abuse of a minor, the government was entitled to supply proof, from the Florida conviction records or otherwise as allowed pursuant to *Shepard*, of the victim's true age. (In *Munoz-Ortenza*, in contrast, "the record was silent on the age of the victim." 563 F.3d at 116, n.7.) As it stands, we need not become the factfinder, because counsel's admission supports the conclusion that the sentencing error did not "seriously affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 113 S. Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Cotton*, 535 U.S. 625, 122 S. Ct. 1781, 152 L.Ed.2d 860 (2002) (no reversible error on *Apprendi* violation).

We conclude for the above reasons that the sentence must be **AFFIRMED**.

No. 10-40308

HAYNES, Circuit Judge, dissenting

I respectfully dissent. I would vacate the sentence and remand for resentencing.

I agree with the majority opinion that plain error is the appropriate standard of review.[1] I also agree that the district court committed an error, and that the error is plain. Although not explicitly stated, the majority opinion appears to conclude that the district court's error affected Chavez-Hernandez's substantial rights, satisfying the third prong of plain-error review. In any event, the range as calculated with the 16-level enhancement is 37-46 months,[2] while the range without it is no more than 8-14 months.[3] We have found such errors

---

[1] *See, e.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009) ("Rule 52(b) review—so-called 'plain-error review'—involves four steps, or prongs. First, there must be an error or defect—some sort of '[d]eviation from a legal rule'—that has not been intentionally relinquished or abandoned, *i.e.*, affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it 'affected the outcome of the district court proceedings.' Fourth and finally, if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" (quoting *United States v. Olano*, 507 U.S. 725, 732-36 (1993))) (internal citations omitted; alterations and emphasis in original).

[2] In arriving at this range, the district court found that the defendant's criminal history category was over-represented and reduced it from II to I. With an offense level of 24, reduced by a 3-level reduction for acceptance of responsibility, the offense level was 21, yielding a range of 37-46. The sentence given, 37 months, is at the bottom of that range.

[3] Chavez-Hernandez contends that, had the offense in question not been counted as a crime of violence, he instead would have received a 4-level, not 16-level, increase. He posits that he then would have received a 2-level reduction for acceptance of responsibility and remained in criminal history category II, yielding a range of 8-14 months. The Government offers no competing calculation. If the district court had again reduced the criminal history category to I, the range would have been 6-12 months.

to affect a defendant's substantial rights in cases with smaller sentencing disparities. *See, e.g., United States v. Villegas*, 404 F.3d 355, 364-65 (5th Cir. 2005) (third prong met where correctly calculated range was 10-16 months and improperly calculated range was 21-27 months).

Where I part ways with the majority opinion is on the admittedly discretionary fourth prong. *See United States v. John*, 597 F.3d 263, 285-89 (5th Cir. 2010). Judicial discretion, while sometimes broad, is never unfettered. In *John*, we noted that the degree of error is an important consideration in applying the fourth prong. *Id.* at 288. There, although we declined to create "factors" to guide the exercise of our plain-error discretion, we pointed out that our precedent generally holds "that when a district court's error clearly affects a defendant's sentence, that error seriously affects the fairness, integrity, or public reputation of judicial proceedings, particularly when the disparity between the Guidelines' range applied by the district court and the correctly calculated range is significant." *Id.* at 285-86. In this case, the error results in—at minimum—a sentence nearly five times greater than the low end of the properly calculated range and over two-and-a-half times greater than the upper end of that range. I have been unable to locate a decision from our court where we failed to find that such a wide variance between the correct range and the incorrect range met the fourth prong of plain error.

As in *John*, the error here caused the district court to impose what "was, in reality, an above-Guidelines sentence . . . without the district court's consideration of the correct advisory Guidelines sentencing range." *Id.* at 286. "Absent remand," then, Chavez-Hernandez—like the defendant in *John*—will receive a sentence calculated without reference to the proper "starting point" and "initial benchmark," and without being "subjected to the process otherwise applicable to above-Guidelines sentences." *Id.* (internal quotation marks and citations omitted). Failing to recognize plain error despite these considerations

No. 10-40308

implicates "the perception of fair sentencing" and the "integrity and public reputation of judicial proceedings." *Id.* at 287.

I share the majority opinion's concern about potential "sandbagging" by defense counsel and strongly agree that making timely objections is an important part of the adjudicative process. The "punishment" for failure to do so is the high bar set by the plain-error standard of review. The problem presented by the majority opinion's approach here is that it penalizes the failure to object by foreclosing correction of the error at all. I respectfully submit that this approach goes too far; displeasure with counsel's actions "cannot be the basis for declining to vacate [the defendant's] sentence." *Id.* at 288.

The majority opinion rests on two points, neither of which, in my view, are appropriate considerations here. The majority opinion concludes that the victim in question was under sixteen-years-old based on defense counsel's purported "admission" at sentencing and information contained in certain state-court documents.

The first problem with this approach is that it "goes behind" a statute of conviction that, on its face, is arguably not a crime of violence. As the majority opinion details, Chavez-Hernandez's prior conviction implicates our *Taylor-Shepard* case law,[4] mandating an inquiry under these circumstances into whether the Florida statute of conviction "criminalizes some conduct that would not be criminalized under the generic, contemporary meaning of statutory rape" and "sexual abuse of a minor." *United States v. Lopez-DeLeon*, 513 F.3d 472, 475 (5th Cir. 2008) (statutory rape); *see also United States v. Munoz-Ortenza*, 563 F.3d 112, 115 (5th Cir. 2009) (sexual abuse of a minor). The actual crime to which Chavez-Hernandez pled guilty is "Unlawful Sexual Activity with Certain Minors," FLA. STAT. § 794.05, the modern incarnation of Florida's longstanding

---

[4] *Shepard v. United States*, 544 U.S. 13 (2005); *Taylor v. United States*, 495 U.S. 575 (1990).

statutory rape law. *See, e.g.*, *Holton v. State*, 9 So. 716, 717 (Fla. 1891). Relevant to our case, the Florida statute criminalizes sexual intercourse between a "person 24 years of age or older" and "a person 16 or 17 years of age." FLA. STAT. § 794.05(1).

In *Lopez-DeLeon*, we surveyed the law and determined that the "age of consent" was sixteen in the overwhelming number of states, federal law, and the Model Penal Code, such that otherwise consensual sexual contact becomes criminal when the victim is under sixteen years of age. 513 F.3d at 475. For the purposes of *Taylor-Shepard* analysis, then, our inquiry stops at the face of the Florida statute. Because the statute applies only to sixteen- and seventeen-year-old victims, it categorically is not a crime of violence under our precedents.[5]

Even in cases where we may consult documents other than the statute of conviction in order to "narrow" it and determine whether the defendant's conviction was for an offense that qualifies as an enumerated crime of violence, we may consult only the highly-circumscribed array of *Shepard*-approved state-court documents. *See, e.g.*, *United States v. Carbajal-Diaz*, 508 F.3d 804, 809 &

---

[5] No one disputes that consensual sexual activity with a person seventeen or older would not qualify as "statutory rape" under the "generic, contemporary meaning" we must apply. I note that our precedents on this matter are not completely uniform on the question of whether the correct age is "under sixteen" or "under seventeen." *See, e.g.*, *United States v. Castro-Guevarra*, 575 F.3d 550, 552 (5th Cir. 2009) (where victim was fourteen, rejecting defendant's argument that, because Texas consensual-sex-with-a-minor statute applies to victims under the age of seventeen, *Lopez-DeLeon* prevented his conviction from qualifying as "statutory rape" under the Guidelines); *United States v. Ayala*, 542 F.3d 494, 495 (5th Cir. 2008) (same, concerning Texas indecency-with-a-child statute); *United States v. Najera-Najera*, 519 F.3d 509, 512 (5th Cir. 2008) (observing that precedent has held that "a person younger than 17 years old is a 'child'" under the Texas indecency-with-a-child statute for Guidelines purposes (citing *United States v. Zavala-Sustaita*, 214 F.3d 601, 604-05 (5th Cir. 2000))); *United States v. Alvarado-Hernandez*, 465 F.3d 188, 189 (5th Cir. 2006) (Texas statute that "punishes consensual sexual intercourse with a child" under seventeen satisfies the "common sense definition of 'statutory rape'" and, therefore, constitutes a crime of violence; victim was fourteen-years-old). I conclude that this question does not control the ultimate outcome in this case because either the statute categorically is not a crime of violence, or it is a statute that requires "narrowing," which, as I discuss below, leads to the same result.

n.7 (5th Cir. 2007) (citing *Shepard*, 544 U.S. at 26). "Where a prior conviction results from a guilty plea," as here, this generally limits our review to "'the terms of the charging document, the terms of a plea agreement[,] or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant.'" *Id.* at 810 (quoting *Shepard*, 544 U.S. at 26). We may rely on "facts contained in those documents to the extent the prior conviction necessarily involved (and a prior plea necessarily admitted) facts equating to [the enumerated crime]." *Id.* (internal quotation marks and citation omitted; alteration in original).

The state court document proffered by the Government—entitled "Findings Pursuant to Florida Statute 943.0435"— is not a *Shepard*-approved document, and nothing indicates Chavez-Hernandez "assented" to its findings.[6] He was not convicted of an offense listed in his information, so we also cannot consider that document. *See United States v. Bonilla*, 524 F.3d 647, 652-53 & n.4 (5th Cir. 2008) (holding that charges contained in an information may not be used to narrow the statute of conviction unless the defendant was actually convicted of those charges or a lesser-included offense listed in the information) (collecting cases).

In these circumstances, concluding that the minor at issue was under sixteen is not just "narrowing" the statute of conviction, but going completely beyond it. Even under plain-error review, *Shepard* still controls; it does not allow us to simply find facts or rely on what we "know" happened. *See, e.g.*, 544 U.S. at 19-20 (noting that a categorical approach "refers to predicate offenses in

---

[6] Interestingly, the "Findings Pursuant to Florida Statute" document suggests that the minor was fifteen. So, we have four possible ages: "fourteen" as suggested by the stray remark of defense counsel, "fifteen" as suggested by the court of conviction's findings, and "sixteen or seventeen" as suggested by the actual statute of conviction. Additionally, if we are going to "go behind" the statute, the date of birth provided in the information indicates that Chavez-Hernandez was only twenty-three years old at the time of his conviction; not twenty-four or older as required by section 794.05.

terms not of prior conduct but of prior 'convictions' and the 'element[s]' of crimes," and observing that "'the practical difficulties and potential unfairness of a factual approach are daunting'" (quoting *Taylor*, 495 U.S. at 600-01)) (alteration in original).  In this regard, the majority opinion's approach risks turning these types of cases into precisely the "endless dispute[s] over the specific facts of [each enhancement-eligible] crime" that the *Taylor-Shepard* method is designed to prevent.  *Carbajal-Diaz*, 508 F.3d at 809.[7]  Thus, I disagree that it is appropriate to look at a non-*Shepard*-approved document to gather facts in support of or against the exercise of our discretion under the fourth prong of plain-error review.  The majority opinion cites no authority supporting such an approach.

I also disagree with the majority opinion's characterizing as an "evidentiary admission" what was, in context, defense counsel's passing reference to the victim as "the 14-year old."  The majority opinion cites no precedent suggesting that such an offhand remark constitutes an "admission" foreclosing the defendant from demanding *Shepard*-approved documents to support the claim.[8]  By contrast, cases in which admissions during sentencing were found to support an enhancement involved admissions by the defendant himself, not stray remarks by counsel.  *See United States v. Najera-Najera*, 519 F.3d 509, 510 n.1 (5th Cir. 2008) (defendant admitted that the facts in his PSR were true); *United States v. Martinez-Vega*, 471 F.3d 559, 563 (5th Cir. 2006)

---

[7] Nor does the reprehensibility of a defendant's prior conduct change the analysis.  By definition, all convicted criminal defendants have been found to have done something wrong. *Shepard* and plain-error review apply regardless. *See, e.g.*, *John*, 597 F.3d at 288-89 (observing that "[t]he discretion inherent in the plain-error standard" should not turn on "sympathy or lack thereof for a particular individual or the public's or a judge's opinion as to the seriousness or heinous nature of a particular crime").

[8] *See, e.g.*, *Alvarado-Hernandez*, 465 F.3d at 189 (indictment charged, and defendant was convicted of, "having consensual sexual intercourse with a fourteen-year-old victim").

No. 10-40308

(same); *United States v. Mendoza-Sanchez*, 456 F.3d 479, 483 (5th Cir. 2006) (defendant admitted that he burglarized a house in response to judge's question).

It is difficult to discern exactly why the majority opinion considers defense counsel's remark to be an admission, judicial or evidentiary. The majority opinion acknowledges that defense counsel's statement was not a judicial admission; nothing in the record indicates that defense counsel meant for the comment to relieve the Government of its burden to establish the victim's age in justifying the crime-of-violence enhancement's application. *See Martinez v. Bally's La., Inc.*, 244 F.3d 474, 477 (5th Cir. 2001) (citation omitted). Yet, the majority opinion proceeds to give defense counsel's aside precisely that effect by hinging the denial of discretionary relief on the understanding that he confirmed the victim's true age.

Calling the comment an "evidentiary admission" makes no difference. As the majority opinion notes, an evidentiary admission is "a statement of assertion or concession made for some independent purpose." *Id.* at 477-78 (citing *McNamara v. Miller*, 269 F.2d 511, 515 (D.C. Cir. 1959)). But the majority opinion identifies no "independent purpose" served by defense counsel's actions. Indeed, *Alamo v. Del Rosario*, the case *McNamara* cites to distinguish judicial from evidentiary admissions, suggests that relevant "independent purposes" relate to a party's testimonial statements. 98 F.2d 328, 330 (D.C. Cir. 1938). In casually calling the victim "the 14-year old," defense counsel certainly could not have intended to provide testimony refuting the exact objection he ineffectually attempted raise before the district court, nevermind that counsel could not cognizably "testify" for his client.

"[O]ur sentencing precedent has been generous with remand, often finding that errors leading to substantial increases in sentences, even those errors not raised until appeal and thus subject to plain error review, merited remand."

*John*, 597 F.3d at 287 (internal quotation marks and citation omitted).  Because I believe that we should do likewise here, I respectfully dissent.